SAMUEL B. HASKELL AND HAROLD S. CORTHELL

*vs.*

BURTON W. YOUNG.

Knox.      Opinion, April 14, 1936.

*A. R. Gillmor*, for plaintiffs.
*E. W. Pike*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

STURGIS, J.   This action of forcible entry and detainer comes to this court on exceptions to the refusal of the trial Judge at nisi prius to rule upon an oral motion for an entry of default. The record shows no prejudicial error.

The Bill of Exceptions states that the action was originally begun in the Municipal Court of the City of Rockland and transferred to the Superior Court in and for Knox County on the defendant's plea of not guilty with a brief statement of title in himself. It appears, however, that, although the plaintiffs filed their recognizance as required by law, the defendant neglected to recognize to the claimant and the case was sent forward lacking this essential prerequisite to a valid transfer to the Superior Court.

The transfer of an action of forcible entry and detainer to the Superior Court is governed by R. S., Chapter 108, Section 6, which provides:

> "When the defendant pleads not guilty and files a brief statement of title in himself or in another person under whom he claims the premises, he shall, except as hereinafter provided, recognize in a reasonable sum to the claimant, with sufficient sureties, conditioned to pay all intervening damages and costs and a reasonable rent for the premises; and the claimant shall in like manner recognize to the defendant, conditioned to enter the suit at the next term of the Superior Court, and to pay all costs adjudged against him. If either party neglects so to recognize, judgment shall be rendered against him as on nonsuit or default."

Under this statute, on the defendant's failure to file his recognizance as there required it was the duty of the Municipal Court to enter judgment against the defendant as on default. The case was not in order for transfer to the Superior Court.

The present statute is but a re-enactment by codification of the original provision governing the practice and procedure in forcible entry and detainer actions which first appeared as Section 3, Chapter 268, Public Laws 1824, wherein it was expressly provided that, if the defendant pleaded title, the defendant and complainant should recognize as under the present law and, if either party neglected or refused so to do, the magistrate hearing the cause should enter judgment against him as in case of non-suit or default. This express mandate to the magistrate was retained in the re-enactment of the law in the first revision of statutes and appears in Section 4, Chapter 128, R. S. 1841. In subsequent revisions, the statute has been continued in force without change in its general scope and effect, but beginning with the Revision of 1857 express reference to the magistrate before whom the cause originated has been omitted, the provision retained by condensation being simply, "If either party neglects so to recognize, judgment shall be rendered against him as on nonsuit or default." This, as already appears, is the mandate of the current statute. *R. S., Chap.* 108, *Sec.* 6. We are of opinion that it bears the same import as the original provision in the Act of 1824. We find no specific legislation authorizing the changing of the phraseology of the original act by striking out the subsequently omitted reference to the magistrate of the lower court. The omission noted in this forcible entry and detainer statute falls within the settled rule that a change in phraseology in the re-enactment of a statute in a general revision does not change its meaning unless the legislative intent to effect the change is evident. *Martin* v. *Bryant,* 108 Me., 256, 80 A., 702; *Glovsky* v. *Realty Bureau,* 116 Me., 379, 380, 102 A., 113; *Tarbox* v. *Tarbox,* 120 Me., 407, 115 A., 164; *Ferry Co.* v. *Casco Bay Lines,* 121 Me., 108, 115 A., 815.

On the record sent forward here, the Superior Court for the County of Knox as yet has no jurisdiction in their proceeding. The case should be dismissed from its docket and returned to the court from which it was transferred, there to be disposed of in accordance with the law. Regardless of the reasons stated by the trial Judge, his refusal to consider a motion for an entry of default in the Superior Court was proper procedure.

*Exception overruled.*