**Mertland G. HARRINGTON and Glenys P. Harrington**

v.

**Gertrude HARRINGTON.**

Supreme Judicial Court of Maine.

Sept. 25, 1970.

A. Alan Grossman, and Barry M. Faber, Rockland, for plaintiffs.

Paul F. Zendzian, Bangor, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE and POMEROY, JJ.

DUFRESNE, Justice.

This is an appeal from the dismissal in the Superior Court of the defendant's notice of appeal from the action of the District Court, Division of Knox, ordering that judgment be entered for the plaintiffs in a complaint of forcible entry and detainer which prayed for judgment of possession of a four (4) room one-family house located in Friendship, Maine, and for $250 in rental damages, plus costs.

■ The record reveals the following procedural background prior to the Superior Court action which led to the instant appeal. Represented by counsel in the District Court the defendant, in addition to denying specifically the plaintiffs' asserted right to possession of the premises and that any rent was due in relation thereto, pleaded in defense of the forcible entry and detainer action equitable title in herself and her divorced husband by reason of a resulting or constructive trust. This affirmative defense is structured upon the fact that defendant and her husband have paid the full purchase price for the premises and had directed title to be conveyed to the plaintiffs on account of their own minority at the time.

The plaintiffs did not file on the return day or at any time thereafter for that matter, under Rule 80D(d), M.D.C.Civ.R., a written allegation that the defendant's claim of title was frivolous and intended for delay. 14 M.R.S.A. § 6007 provides as follows:

"The plaintiff may make a written allegation that the defendant's claim of title is frivolous and intended for delay and the judge shall then examine the case so far as to ascertain the truth of such allegation, and if satisfied of the truth thereof, he shall proceed to try the cause, and if it is determined in favor of the plaintiff, he may issue a writ of possession for removal of the defendant; but this shall not prevent an appeal as provided in section 6008."

In that posture of the case, the District Court Judge had to assume, as we also must do, that the defendant had a meritorious claim in defense of the action of forcible entry and detainer, sufficient to secure a removal of the cause from the District Court to the Superior Court for trial of the title, provided other provisions of the statutory procedure were met.

The District Court, however, purported to act under the provisions of 14 M.R.S.A. § 6006:

*"Claim of title*

When the defendant claims title in himself or in another person under whom he claims the premises, he shall, except as otherwise provided, recognize in a reasonable sum to the plaintiff, with sufficient sureties, conditioned to pay all intervening damages and costs and a reasonable rent for the premises. The plaintiff shall in like manner recognize to the defendant, conditioned to enter the action in the Superior Court within 30 days and to pay all costs adjudged against him. If either party neglects so to recognize, judgment shall be rendered against him."

Notwithstanding plaintiffs' neglect to recognize as required by the statute, the District Court did not render judgment of dis-

missal against them, but rather entered judgment in their favor against the defendant because of defendant's neglect to furnish the statutory recognizance to the plaintiffs to secure them against all intervening damages, costs and a reasonable rent for the use and occupation of the premises. The Court's decision was not based on the merits of the plaintiffs' claim as the Judge entered of record the following notation:

> "Defendant claims title and admits that provisions of Title 14, Sec. 6006 apply. Defendant claims inability to comply with terms of Sec. 6006 as to bond (see affidavit) because of poverty and consequent inability to obtain sureties. I hold that the provisions of Sec. 6006 not complied with and therefore, give judgment to the Plaintiff."

Prior to the above notation of judgment the defendant had subscribed and filed with the Court an affidavit that her answer to the complaint was made in good faith and that due to her poverty status she was unable to comply with the requirements of 14 M.R.S.A. § 6006. The Court's action, in the absence of any contrary counter-affidavit or conflicting evidence assumed the truth of the matters stated. Thus, on this record it would appear that the District Court judgment is erroneous, 1) for granting relief to the plaintiffs without compelling them to comply with 14 M.R.S.A. § 6006 while defaulting the defendant for non-compliance and 2) for granting judgment for the rent claimed due when Rule 80D(g), M.D.C.Civ.R., provides that forcible entry and detainer actions shall not be joined with any other action.

However that may be, the appeal comes to us from the Superior Court's dismissal of defendant's appeal for non-compliance with the security provisions of 14 M.R.S.A. § 6008, which provide as follows:

"§ 6008. *Appeals*

Either party may appeal from a judgment to the Superior Court as in other civil actions. When the plaintiff appeals, he shall recognize in manner aforesaid to the defendant, except as otherwise provided, conditioned to enter the action and to pay all costs adjudged against him. When the defendant appeals, he shall recognize in like manner to the plaintiff, conditioned to enter the action and to pay all intervening costs and such reasonable rent of the premises, as the judge shall adjudge, if the judgment is not reversed."

In her points on appeal the defendant claims the Superior Court erred in failing to exempt her on account of poverty from compliance with the security requirements of 14 M.R.S.A. § 6008, and the District Court in compelling obedience to the dictates of 14 M.R.S.A. § 6006, all, as asserted, in violation of the due process and equal protection clauses of the United States and Maine Constitutions. It is argued that the reference statutes operate unconstitutionally when applied to her because of her impoverished condition.

We note initially that our Legislature has not adopted for the prosecution or defense of civil actions an "in forma pauperis" program either at the trial level or in appellate proccedings as exists in the federal system and in more than 20 of our sister States. See note: Proceedings in Forma Pauperis, 9 U.Fla.L.Rev. 65 (1956); Boddie v. State of Connecticut, 1968, D.C., 286 F.Supp. 968, 973. With due respect to the constitutional standards imposed upon the States of the Union by the Due Process and Equal Protection Clauses of the Federal Constitution as interpreted by the United States Supreme Court, we must in the present instance determine whether our legislative procedures surrounding forcible entry and detainer remedies invidiously violate the constitutional mandate of equal justice under the law to the poor as to the rich.

On the criminal side, the decisions of the United States Supreme Court have in numerous instances articulated several of the

constitutional requirements which the States must affirmatively effectuate to equalize the conditions between the poor and the rich in our adversary system of jurisprudence either at the trial level or on appeal. Roadblocks to appellate review arising from the poverty status of the accused have been held unconstitutional, such as the prerequired payment of a filing fee, however small, Smith v. Bennett, 1961, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39. Pecuniary hurdles in the path of effective access to judicial review may impair the indigent's right to equal protection under the law as much as if he were completely excluded therefrom. Gardner v. California, 1969, 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed. 2d 601. States are not required to establish avenues of appellate review, but it is now fundamental that, once established, these avenues must be kept free of unreasoned discriminatory distinctions that can only impede open and equal access to the courts. Rinaldi v. Yeager, 1966, 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577; Burns v. State of Ohio, 1959, 360 U.S. 252, 79 S. Ct. 1164, 3 L.Ed.2d 1209.

■ While the great number of cases which have applied the Equal Protection Clause to all stages of the judicial process have dealt with criminal defendants, the constitutional mandate that there be no invidious discrimination between indigent and rich litigants does not differentiate between civil and criminal cases. The Constitution protects life, liberty and property.

"It is the importance of the right to the individual, not the technical distinction between civil and criminal, which should be of importance to a court in deciding what procedures are constitutionally required in each case." Lee v. Habib, 1970, Dist. of Columbia Cir., 424 F. 2d 891.

■■ Court procedures, at the trial level or in appellate review, even though the result of statutory requirement, which in and of themselves invidiously discriminate between rich and poor impair guarantees of equal justice which the Constitution was designed to protect. This is equally so in civil litigation as in criminal prosecutions. An indigent litigant may have more at stake in a civil case than in a criminal case. Furthermore, equal access to the civil courts was among the Fourteenth Amendment's primary objectives. See, Truax v. Corrigan, 257 U.S. 312, 334, 42 S.Ct. 124, 130, 66 L.Ed. 254; Barbier v. Connolly, 1885, 113 U.S. 27, 31, 5 S.Ct. 357, 28 L.Ed. 923. See also, dissenting opinion in Williams v. Shaffer, 1967, 385 U.S. 1037, 87 S.Ct. 772, 17 L.Ed.2d 683.

The present trend seems to be toward extension of constitutional equal protection rights to the civil side of the judicial process. Jeffreys v. Jeffreys, 1968, 58 Misc.2d 1045, 296 N.Y.S.2d 74 (divorce); Chambers v. District Court of Dubuque County, 1967, Iowa, 152 N.W.2d 818 (appeals in juvenile courts involving determination of parental rights); In re Karren, 1968, 280 Minn. 377, 159 N.W.2d 402.

■ Our Court recognizes that the right of appeal is not a constitutional nor a common law right, but a statutory one. Sears, Roebuck & Co. v. City of Portland, 1949, 144 Me. 250, 68 A.2d 12; Griffin v. People of State of Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. It may be granted subject to such restrictions, limitations and conditions as the Legislature may attach to it. Sears, Roebuck & Co. v. City of Portland, supra; Crockett, Appellant, 1951, 147 Me. 173, 178, 84 A.2d 808. All the requirements of the statute for taking and perfecting an appeal are jurisdictional and must be strictly complied with. Stenographer Cases, 1905, 100 Me. 271, 275, 61 A. 782. Our Court has further held that the statutory security recognizance in forcible entry and detainer actions, either when the defense of title is asserted or when an appeal is taken, is of jurisdictional dimension. Merrill v. Hinckley, 1860, 49 Me. 40; Haskell and Corthell v. Young, 1936, 134 Me. 221, 184 A. 394. This dispossessory action was originally a quasi criminal process, and, while it is now civil

in its aspect, it has retained its original summary character. Gilbert v. Gerrity, 1911, 108 Me. 258, 80 A. 704; Sweeney v. Dahl, 1943, 140 Me. 133, 34 A.2d 673, 151 A.L.R. 356. Although the defendant's affirmative defense of equitable title was of right and filed in good faith (see, Rancourt v. Nichols, 1943, 139 Me. 339, 31 A. 2d 410; Rule 80D(c), M.D.C.Civ.R.), her failure to give the plaintiffs their security recognizances under 14 M.R.S.A. §§ 6006 and 6008 resulted in summary judgment for the plaintiffs without trial upon the merits or opportunity to be heard. The defendant's factual loss of access to the District Court and the Superior Court on appeal, due solely to her impecuniary condition and allowing her to be forthwith dispossessed of the home which sheltered herself and family, is the forfeiture of a right of substantial magnitude when viewed in relation to her poverty status.

In Inhabitants of Saco v. Wentworth, 1853, 37 Me. 165, a case where the statute required, as part of the appeal process upon conviction of selling spirituous liquor, the giving of a bond to the town involved in the amount of $200 conditioned that the accused would not violate the same law pending his appeal, our Court viewed the legislative restriction upon the right of the accused to a jury trial as going beyond what public necessity required, that it impaired the individual's rights and in so far as it imposed conditions for the purpose of preventing a trial by jury, it was void as violative of our constitutional provisions.

In Bennett v. Davis, 1897, 90 Me. 102, 37 A. 864, our Court struck down as unconstitutional a statute which required the deposit into court of the assessed tax with interest and costs as a condition on the taxpayer's right to judicially contest the validity of the assessment and sale of his land under it. Such a statute, our Court said, is against the plain letter and spirit of the Constitutions of this State and of the United States. The observation was made that under such a statute the taxpayer might in some cases be practically deprived of all

remedy as the adverse party might completely shut him out from asserting his title. See also, Gilman v. Tucker, 1891, 128 N.Y. 190, 28 N.E. 1040.

In Randall v. Patch, 1919, 118 Me. 303, 108 A. 97, our Court further said that "[a]n act that purports to authorize procedure depriving an owner of his property without opportunity for hearing and without notice violates both the federal and state Constitutions." See also, Woods v. Perkins, 1920, 119 Me. 257, 110 A. 633.

It must be conceded that the security provisions of the act relating to the forcible entry and detainer process, which permit summary judgment of possession to the plaintiffs (14 M.R.S.A. § 6006) and foreclose appellate review to the defendant (14 M.R.S.A. § 6008) when not complied with, all without any opportunity for a hearing, are solely for the protection of the plaintiffs-appellees. Palmer v. Des Reis, 1949, 135 Conn. 388, 64 A.2d 537. True, the statute requires like security from the plaintiffs for the benefit of the defendant and thus attempts to maintain a just equilibrium between the parties in the use of this judicial process. This statutory impartiality, however, becomes frustrated if by reason of poverty the defendant is unable to comply with the statutory requirements. We perceive no countervailing compelling legitimate State interest to justify the possible legislative concern that led the Legislature to circumscribe our summary process of forcible entry and detainer with such all-inclusive and broad security provisions which by their very nature in the instant case effectively serve to deprive the indigent defendant, solely because of her poverty, of equal access to a court of justice and equal opportunity to be heard respecting a bona fide justiciable issue. By virtue of affirmative restrictive limitations on the indigent's right to defend and appeal in eviction cases, the State directly participates in the resultant unequal treatment which automatically favors the affluent with summary judgment at the expense of the poverty-stricken class whose defense is

arbitrarily denied without any opportunity of a hearing. Such State action spells unequal justice in an area of great magnitude to the impecunious but of minor importance in terms of State purposes. The security provisions of 14 M.R.S.A. §§ 6006 and 6008 have effectively barred the instant defendant from equal access to the court in its eviction process at the trial and appeal level. Lack of legislative recognition of this invidious impact of the security provisions of the eviction statute upon a necessarily large segment of our society unable to comply with such financial guaranties compels us to correct the resulting inequalities created thereby and to strike these sections down as unconstitutional in so far as they are made applicable to this defendant.

The Legislature may rectify the situation by enacting in forma pauperis relief legislation in eviction proceedings specifically or in all civil actions generally. On the other hand, it may empower the judiciary to excuse compliance with the security provisions of the statute for justifiable cause. The problem is one of legislative policy.

 Section 6006 of Title 14 of the Maine Revised Statutes Annotated, in compelling the instant defendant in the eviction proceeding in the District Court to recognize or give bonds as a prerequisite to a hearing of her defense of title in herself, when because of her poverty she was unable to do so, was a denial of her right under our Constitutions of Maine and of the United States to the equal protection of the law and is hereby declared unconstitutional and void as it is made applicable to this defendant. Similarly, Section 6008 in exacting security to maintain an appeal from the judgment of the District Court imposed an unconstitutional burden because of the party's status as a poor person and in so far as made applicable to the instant defendant is declared void and of no effect. We intimate no opinion upon the constitutionality of these sections of our eviction statute as they are applied under other circumstances.

The entry will be

Appeal sustained. Case remanded to the Superior Court where said Court shall set aside the District Court judgment and further remand the case to said District Court for further disposition consistent with this opinion.

WILLIAMSON, C. J., participated at argument, but retired before the opinion was adopted.