**Clarence I. RAIRDON, et al.**

v.

**Paul DWYER, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 7, 1991.

Decided May 22, 1991.

Torrey A. Sylvester, Sylvester Law Offices, Houlton, for plaintiffs.

Paul and Gale Dwyer, pro se.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, COLLINS, and BRODY, JJ.

McKUSICK, Chief Justice.

The Superior Court (Aroostook County, *Pierson, J.*) dismissed the appeal of tenants Paul and Gale Dwyer from an adverse judgment in a forcible entry and detainer action brought in the District Court (Houlton, *Russell, J.*) by landlords Clarence and Bonita Rairdon. The Dwyers appeal that dismissal. Finding no error in the Superior Court's application of 14 M.R.S.A. § 6008 (Supp.1990),[1] which required the Dwyers to pay rent into an escrow account in order to stay the issuance of the writ of possession pending appeal, we affirm.

In June 1989 Clarence and Bonita Rairdon bought a house in Houlton from George Beatham. Paul and Gale Dwyer were living in the house at the time. In August the Rairdons filed a forcible entry and detainer action against the Dwyers in the District Court. In their answer the Dwyers pleaded a claim of title based on a 1983 oral option and lease agreement that they had entered into with Beatham. According to the Dwyers, they were to pay Beatham $50 a month rent to live in the house, and in exchange for their labor the Dwyers were to build up credit toward a down payment on the purchase price of the house.

On October 12, 1989, the District Court entered judgment for the Rairdons, finding that the Dwyers had failed to exercise the alleged option agreement on the house, that the Rairdons purchased it without notice of the Dwyers' claim of title, and that no such claim was valid as against the Rairdons.[2] The District Court directed the issuance of a writ of possession in plaintiffs' favor. The Dwyers appealed to the Superior Court.

1. Section 6008, which governs an appeal from a forcible entry and detainer judgment entered in the District Court, provides in pertinent part: When the defendant appeals, the Superior Court may stay the issuance of a writ of possession pending disposition of the appeal. The Superior Court shall condition the granting and continuation of the stay on the defendant's payment of the current rent for the premises into an escrow account to be admin-

istered by the clerk of the Superior Court and, in all appropriate cases, on the defendant's agreement to refrain from any nuisance or damage.

2. By a preliminary order the Superior Court later ruled that the Dwyers had preserved their right to a jury trial on their sole defense, their claim of title. *But see* 14 M.R.S.A. § 6006 (1980).

Applying section 6008, the Superior Court in July 1990 determined that in order to obtain a stay of the writ of possession pending appeal, the Dwyers must pay rent into escrow with the clerk retroactive to the date of the District Court judgment, subject to risk of dismissal of the appeal. The court directed the parties to submit affidavits showing what a fair monthly rent would be. By their affidavits the Rairdons asked the court for $250 per month in rent, whereas the Dwyers sought reimbursement for the fair market value of work they had performed on the house since the District Court entered its judgment. On September 17, 1990, the court set the Dwyers' rent at $100 per month and gave them 20 days to deposit $1,100 with the clerk. That figure represented the rent that had accrued to the Rairdons in the 11–month period after the District Court judgment. After the 20-day grace period passed without the Dwyers' paying the rent, the court dismissed their appeal.[3]

We reject the Dwyers' contention that the Superior Court erred by applying to them section 6008's requirement that rent be paid by a defendant in order to stay a writ of possession pending appeal. In *Harrington v. Harrington*, 269 A.2d 310 (Me. 1970), this court invalidated on equal protection grounds, as to a particular indigent defendant, the requirement of a now-repealed statute that conditioned a tenant's right to appeal an adverse forcible entry and detainer judgment upon the tenant's recognizing to the landlord for "all intervening costs and such reasonable rent of the premises, as the judge shall adjudge, if the judgment is not reversed." *Id.* at 313. Unlike the Dwyers, the tenant in *Harrington* submitted an affidavit to the District Court attesting to the fact that her poverty prevented her from complying with the recognition requirement. We ruled that because the averments in the tenant's affidavit were unchallenged, the District Court

should have taken the tenant's indigence as having been established. *Id.*

Here the Dwyers failed in the Superior Court to assert, as the tenant did in *Harrington*, a right to proceed on appeal without paying current rent. Even though they filed affidavits in the Superior Court on the amount of the appropriate rent to be set, the Dwyers included therein no claim of financial inability to pay rent. Nor did they challenge the amount of the prescribed rent during the grace period that the court gave them. Although the Dwyers later filed further affidavits seeking waiver of the filing fee on their appeal here, those affidavits, coming as they did after the Superior Court dismissal order, did not alert the court at the time of the dismissal of any claim of the Dwyers' inability to pay the rent. *See Wellstone Partners v. J & M Constr. Co.*, 581 A.2d 789, 791–92 (Me.1990). Because they neglected to advise the court of facts that might have made section 6008's escrow requirement inapplicable to them, the Dwyers have not preserved for appellate review the question whether section 6008 may constitutionally be applied to them. *See Savings & Loan Ass'n of Bangor v. Tear*, 435 A.2d 1083, 1086 (Me.1981) ("[a] principal reason for the rule that an issue may not be asserted for the first time on appeal is that raising the issue at trial is likely to stimulate the making of an evidentiary record and findings of fact necessary to resolve it"). On this record, by not paying rent into escrow and by not making any timely assertion of an inability to do so, the Dwyers have lost whatever right they might have had under *Harrington* to proceed to a trial in the Superior Court. *Cf. Randall v. Kehlor*, 60 Me. 37, 45 (1872) (defendant who declines to make the required payment for a jury trial "must be held as waiving the right to a jury trial, when he refuses to do what is an essential and reasonable prerequisite to its enjoyment").

---

**3.** The Superior Court correctly recognized that a forcible entry and detainer action is not a plenary action to quiet title, but rather raises the single issue whether the plaintiff is entitled to immediate possession of the disputed premises to the exclusion of the defendant. *See Tozier v.*

*Tozier*, 437 A.2d 645, 647 (Me.1981). Thus, in the case at bar, once the unstayed writ of possession turned the premises over to the Rairdons to the exclusion of the Dwyers, no further issue remained to be tried between the parties in this forcible entry and detainer action.

The entry is:

Judgment affirmed.

All concurring.