2001 ME 110

**PORTLAND STAGE COMPANY**

v.

**BAD HABITS LIVE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 25, 2001.

Decided: July 18, 2001.

Jerrol A. Crouter, Esq., Deirdre M. Smith, Esq., Drummond Woodsum & MacMahon, Portland, for plaintiff.

Patrick H. Gordon, Esq., Portland, for defendant.

Panel: WATHEN, C.J., and
CLIFFORD, RUDMAN, DANA,
SAUFLEY, ALEXANDER, and
CALKINS, JJ.

PER CURIAM.

[¶ 1] Bad Habits Live, d/b/a Zootz, appeals from a judgment entered in the Superior Court (Cumberland County, *Warren, J.*) dismissing its appeal of a forcible entry and detainer judgment entered in the District Court (Portland, *Bradley, J.*). We affirm the dismissal and impose sanctions for the filing of a frivolous appeal.

[¶ 2] Following a hearing, a judgment of forcible entry and detainer was entered in the District Court granting to Portland Stage Company the possession of premises occupied by Bad Habits on Forest Avenue in Portland. The judgment contained a notice that the writ of possession "shall issue seven calendar days after the judgment is entered." Pursuant to 14 M.R.S.A. § 6008(1) (Supp.2000), any appeal from the judgment was required to be filed within thirty days after entry of the judgment or before the issuance of the writ, whichever occurred earlier. The writ issued on December 11, 2000.

[¶ 3] Bad Habits did not file its appeal prior to the entry of the writ. One day after issuance of the writ, it filed a notice of appeal and a motion to enlarge time for filing the appeal. In its motion, Bad Habits alleged that the client, rather than the attorney, received a copy of the judgment and that excusable neglect existed. Portland Stage Company filed an opposition to the motion to enlarge, arguing that the appeal was untimely and that no excusable neglect existed.

[¶ 4] The District Court did not act on the motion to enlarge, but the file was administratively transferred to the Superior Court.[1] Portland Stage Company immediately filed a motion to dismiss the appeal as untimely. In its motion, Portland Stage Company also argued that Bad Habits had failed to comply with the requirements of 14 M.R.S.A. § 6008(2) (Supp.2000), requiring the payment of rent in order to proceed with the appeal. The motion included the required notice that failure to respond "will be deemed a waiver of all objections to the [m]otion." *See* M.R. Civ. P. 7(b)(1), (c)(3). Bad Habits did not respond to the motion, as required by M.R. Civ. P. 7(c), nor did it remedy or otherwise respond to the allegation that it had failed to pay the rent required by 14 M.R.S.A. § 6008(2). The Superior Court granted the unopposed motion to dismiss.

[¶ 5] Notwithstanding its complete failure to comply with the applicable law and rules of court, Bad Habits has appealed the dismissal to us. Its argument on appeal is that it was not required to respond to the motion to dismiss because its position was stated in its earlier motion to enlarge time for filing the appeal, filed in the District Court. Its one page argument is silent on the issue of compliance with 14 M.R.S.A. § 6008(2) and cites no authority for its position that it was not required to respond to the motion to dismiss, nor could it.

---

1. The District Court should have acted on the motion to enlarge time before the file was transferred to the Superior Court. *See* M.R. Civ. P. 76D. It appears, however, that no judge was made aware of the motion. Any ambiguity in the court's actions could have been addressed had Bad Habits properly responded to Portland Stage Company's motion to dismiss the appeal once the matter was docketed in the Superior Court.

[¶ 6] Bad Habits's argument on appeal is so lacking in merit that we can only assume it is interposed for delay.[2] The Maine Rules of Civil Procedure could not be clearer: a party who fails to respond to a motion waives "*all objections* to the motion." M.R. Civ. P. 7(c)(3) (emphasis added). Bad Habits's decision to file and pursue an appeal in circumstances where it has failed to comply with both the statute and the rules renders its appeal wholly frivolous.

[¶ 7] Accordingly, we impose sanctions against Bad Habits and their attorneys, including treble costs and the payment of $500 toward Portland Stage Company's attorney fees for the defense of this appeal.

The entry is:

Judgment affirmed. Bad Habits or its attorneys shall pay treble costs and $500 toward attorney fees to Portland Stage Company.

**2.** The notice of appeal was filed on the twenty-ninth day following entry of dismissal.