2005 ME 18

**John MULHOLLAND**

v.

**Karl POOLE.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Oct. 5, 2004.

Decided: Jan. 26, 2005.

---

Jennifer M. Bryant, Esq., Farris Law, Gardiner, P.J. Perrino, Esq., Augusta, for plaintiff.

Matthew C. Dyer, Esq., Pine Tree Legal Assistance, Inc., Lewiston, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and LEVY, JJ.

SAUFLEY, C.J.

[¶ 1] Karl Poole appeals from an order of the Superior Court (Kennebec County, *Studstrup, J.*) denying his motion to amend a judgment ordering rent money held in an escrow account to be turned over to his landlord, John Mulholland, without a hearing. Poole argues that the Superior Court erred when it interpreted 14 M.R.S.A. § 6008(2)(A) (2003) as requiring payment of rent pending appeal as "security" for the appeal, and when it declined to entertain Poole's proffered evidence that the true fair market value of the building should have been factored into, thereby reducing, the rent he was required to pay.[1]  We affirm the judgment of the Superior Court.

## I.  BACKGROUND

[¶ 2] Mulholland is the owner of property in Augusta that includes a mobile home park and a gravel pit.  Poole was a tenant-at-will in one of the mobile homes, paying $400 per month in rent, when Mulholland purchased the property in 2002.  The six mobile homes on the property were old and in very poor condition when the property was purchased by Mulholland.  He has scrapped two of the structures and has no desire to continue to rent out any of the other mobile homes that he owns.

[¶ 3] In September 2002, Poole informed Mulholland that if repairs were not made to the mobile home he occupied, he would make them himself and deduct his expenses from the rent.  The following April, Mulholland served Poole with a thirty-day notice to quit the property, citing his desire to utilize the site differently as the reason for the eviction.  After Poole failed to depart within the specified period, Mulholland brought a forcible entry and detainer action against him.  Poole asserted the defense of retaliation pursuant to 14 M.R.S.A. § 6001(3) (2003).

[¶ 4] After a hearing, the District Court (Augusta, *French, J.*) awarded possession of the premises to Mulholland.  The court found that Mulholland's testimony that he wanted to use the site differently was credible, and that "[e]ven if he had filed this action within six months of [Poole's] notice [regarding the necessary repairs], [Mulholland] has successfully rebutted the presumption of retaliation in 14 M.R.S.A. § 6001(3)."

---

1.  Mulholland contends that this appeal should be dismissed as frivolous pursuant to M.R.App. P. 13(f), or for failure to provide a transcript in accordance with M.R.App. P. 8(g)(3)(C).  We decline to dismiss the appeal.

[¶ 5] Poole appealed and demanded a jury trial. In that appeal, the only question of material fact he raised was whether Mulholland was motivated by retaliation in evicting him. Poole then moved to stay the issuance of the writ of possession. At that point, for the first time, Poole raised the issue of the fair market value of the mobile home, stating that "due to the poor condition of the rental unit, the fair market rental value is much less than $400.00 per month." He did not, however, assert that he had made repairs and was entitled to an offset. Poole requested a hearing on the value of the mobile home "prior to the Court authorizing payments to the [landlord]." The Superior Court granted the motion to stay on the condition that Poole pay $400 per month into the Pine Tree Legal Assistance client trust account pending the appeal,[2] and indicated that a hearing on the fair market value of the rental unit would be held later.

[¶ 6] After paying the full monthly rent into the account for three months, Poole vacated the property. In a January 8, 2004, order, the court ordered the escrowed amount of $1200 to be delivered to Mulholland, because Poole had left the property and the original matter was moot. The court stated that it had reconsidered its earlier decision to hold a hearing regarding the fair market value of the property because "[t]he $1,200 was placed in escrow as 'security' for payment of rent pending appeal, based on the prior rental amount. Unlike withholding rent pending repair to the premises, there is no statutory authority for reducing the amount of security." Poole's motion to alter or amend the judgment was denied on February 23, 2004. This appeal followed.

## II. DISCUSSION

[¶ 7] We review the trial court's statutory interpretation for errors of law. *Fleet Bank of Me. v. Griffin,* 1997 ME 45, ¶ 4, 690 A.2d 981, 983. When interpreting a statute, we look first to the plain meaning of the language contained therein. *Kimball v. Land Use Regulation Comm'n,* 2000 ME 20, ¶ 18, 745 A.2d 387, 392.

[¶ 8] A landlord may terminate a tenancy-at-will by giving the tenant thirty days' notice of the termination. 14 M.R.S.A. § 6002 (Supp.2004). If a tenant has previously complained about the condition of the property, there may be a presumption that the eviction was commenced in retaliation for those complaints. *See* 14 M.R.S.A. § 6001(3). If a landlord successfully rebuts this presumption, a writ of possession of the premises may issue. *Id.; see also Perreault v. Parker,* 490 A.2d 203, 206 (Me.1985).

[¶ 9] In the present case, the District Court was convinced by Mulholland's testimony that his reason for evicting Poole was not retaliation, but rather a desire to use the site differently. Therefore, the court appropriately found that Mulholland was entitled to a writ of possession of the property. *See* RICHARD R. POWELL, REAL PROPERTY § 16B.05[2] (2000 ed.) ("the landlord who has no retaliatory motive remains free ... to terminate for any reason, or for no reason at all, that is, even arbitrarily").

[¶ 10] When Poole appealed and moved to stay the writ, the court apparently concluded from Poole's motion that rent was in dispute and ordered payment of the rent into an escrow account. The applicable statute states in pertinent part:

---

2. The money was ordered into the PTLA account rather than into an escrow account administered by the Clerk of Court pursuant to 14 M.R.S.A. § 6008 (2003) as a result of the offer by Poole's attorney to reduce the administrative burden on the court clerk.

[t]he Superior Court shall condition the granting and continuation of the stay on the defendant's payment of rent for the premises as required by this subsection at the time of appeal and on payment of any rent that has accrued since the filing of the appeal to the plaintiff or, if there is a dispute about the rent, into an escrow account to be administered by the clerk of the Superior Court. Upon application of either party, the Superior Court may authorize payments from the escrow account for appropriate expenses related to the premises. The appeal decision or an agreement of the parties must provide for the disposition of the escrowed rent.

14 M.R.S.A. § 6008(2)(A).

[¶ 11] The statutory language of section 6008 unambiguously requires that when a dispute about the rent exists in a forcible entry and detainer case, the rent money should be paid into an escrow account rather than directly to a landlord, pending an appeal. Typically, this section is applied for the protection of the landlord in cases where the reason for eviction is nonpayment of rent.[3] *See* L.D. 1546 (117th Legis.1995). That was not the case here. The value of the rental unit was not at issue in the original proceeding, nor was it raised as a genuine issue of material fact in Poole's demand for a jury trial. The only issue raised by Poole at that point was whether or not his eviction was due to retaliation on the part of his landlord. Poole did not introduce the subject of the value of the mobile home until he requested the stay of the writ of possession.

---

3. In such cases, a defendant may raise the issue of breach of implied warranty of habitability in response to the landlord's action, after which the rent is typically deposited into escrow while the fair rental value is litigated. *See* 14 M.R.S.A. § 6002(3) (2003); 14

[¶ 12] Simply put, Poole was a tenant-at-will in a mobile home where his rental obligation was $400 per month. Once the court concluded that the landlord's action in evicting Poole was not retaliatory, and Poole vacated the property and withdrew his appeal, the court had no authority to consider whether the rent paid by Poole was reflective of the fair market value of the property.

[¶ 13] Accordingly, we conclude that the court did not err when it found that the issue before it was moot, nor in declining to allow Poole to present facts regarding the fair market value of the mobile home when the value of the home was not relevant to the matters before the court.

The entry is:

Judgment affirmed.

---

M.R.S.A. § 6008(2)(A). Alternatively, tenants may raise the issue of nonhabitability in accordance with their own independent legal action pursuant to 14 M.R.S.A. § 6021(3) (2003).