STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-2021-20

LH HOUSING, LLC,

        Plaintiff,

v.

JOEL DOUGLAS and AMY
SPRAGUE
        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON DEFENDANTS' EMERGENCY
MOTION TO RECALL WRIT OF
POSSESSION AND DEFENDANTS'
MOTION FOR STAY AND MOTION TO
RECONSIDER



REC'D CUMB CLERKS OFC
OCT 15 '21 AM8:18

Before the Court is Defendants, Joel Douglas and Amy Sprague's, Emergency

Motion to Recall Writ of Possession and Motion for Stay and Motion to Reconsider. For

the following reasons, Defendants' Motions are denied.

I.    **Background**

On November 3, 2020, Plaintiff commenced this action in the District Court by

filing a Complaint for Forcible Entry and Detainer. Plaintiff alleged that it had properly

terminated Defendants' tenancy and was entitled to immediate possession of 75 Queen

Street, Gorham, Maine ("the Property"). Defendants have resided at the Property since

at least June 1, 2015. Initially, Defendants resided at the Property pursuant to an

agreement with the record owner at the time, MECAP, LLC.[1] Plaintiff is the current

record owner of the Property, having acquired ownership of the Property from MECAP,

LLC by warranty deed dated April 13, 2016, and recorded April 15, 2016.

---

[1] No lease was admitted at trial in the District Court. *LH Housing, LLC v. Douglas*, No. SA-20-454, at *2
(Me. Dist. Ct., Portland, June 29, 2021). However, a Purchase and Sale Agreement for the Property
between Defendant Douglas and MECAP, LLC, dated May 19, 2015, was admitted. (*See* Defs.' Ex. 1.) The
Purchase and Sale Agreement states "Buyer will lease the property from June 1, 2015 to June 30, 2016."
(Defs.' Ex. 1, ¶ 26.)

A hearing was held in the District Court (Portland, *Darvin, J.*) and judgment was entered for Plaintiff on June 30, 2021. On July 6, 2021, Defendants filed a Motion for Additional Findings of Fact and Conclusions of Law and a Motion for Stay of the Writ of Possession. The District Court entered Orders denying Defendants' Motions on August 4, 2021.

On August 10, 2021, Defendants filed a Notice of Appeal and a Motion for Stay of the Writ of Possession and Relief from the Requirement to Pay Rent Under 14 M.R.S. § 6008(2). Defendants did not indicate in the affidavit accompanying the Notice of Appeal whether they had complied with 14 M.R.S. § 6008(2) by paying the lesser of the current month's rent or rent arrearage to Plaintiff or the District Court. Instead, Defendants alleged in their Motion for Stay of the Writ of Possession that they paid $32,500 at "the beginning of the lease,"[2] but failed to explain why this payment satisfies 14 M.R.S. § 6008(2). (Defs.' Mot. Stay ¶ 11.) Accordingly, the Court dismissed the Appeal and denied the Motion for Stay by Order dated September 29, 2021.

The Writ of Possession issued on October 5, 2021. Defendants have now filed a Motion to Recall Writ of Possession and a Motion for Stay and Motion to Reconsider.

## II. Discussion

### A. Defendants' Emergency Motion to Recall Writ of Possession

Defendants argue that the writ of possession was improperly issued on October 5, 2021, because five days had not elapsed since the date of the Court's Order dismissing Defendant's Appeal under the time computation rules of M.R. Civ. P. 6. By statute, the

---

[2] The terms of the Purchase and Sale Agreement required an immediate deposit of $2,500 and a second deposit of $30,000, due to MECAP, LLC "prior to closing." (Defs.' Ex. 1, ¶ 5.) Defendant Douglas testified before the District Court that, before moving into the Property, he paid the deposits to Scott Lalumiere, a principal of MECAP, LLC and a former member of Plaintiff. *LH Housing, LLC v. Douglas*, No. SA-20-454, at *2 (Me. Dist. Ct., Portland, June 29, 2021).

writ of possession must issue seven calendar days after judgment is entered for a plaintiff in the District Court, unless a stay of the writ is granted or an automatic stay under M.R. Civ. P. 80D(j) applies. 14 M.R.S. § 6005; M.R. Civ. P. 80D(j). Defendants claim they were entitled to an automatic five-day stay because M.R. Civ. P. 80D(j)(1) provides:

> If defendant within the time provided by statute makes a timely motion pursuant to any of the rules enumerated in Rule 76D as terminating the running of the time for appeal, the issuance of the writ shall be stayed until five days after entry of an order disposing of the motion.

Defendants are mistaken. M.R. Civ. P. 80D(j)(1), by its language, applies only to motions made prior to filing an appeal of the District Court's judgment. Furthermore, the Court's September 29, 2021 Order did not dispose of any motion made by Defendants "pursuant to any of the rules enumerated in Rule 76D."

Finally, Rule 80D does not provide for an automatic stay of any duration following either the Superior Court's denial of a stay of writ pending appeal or dismissal of the appeal. Because (1) seven calendar days had passed since the District Court's June 30, 2021 entry of judgment for Plaintiff, (2) the Court had dismissed Defendants' Appeal, and (3) Defendants were not entitled to a stay, issuance of the writ of possession on October 5, 2021 was proper. Accordingly, the Court denies Defendants' Emergency Motion to Recall the Writ of Possession.

### B. Defendants' Motion for Stay and Motion to Reconsider

14 M.R.S. § 6008(2) provides:

> When the defendant appeals [the judgment of the District Court in an action for Forcible Entry and Detainer], the defendant shall pay to the plaintiff or, if there is a dispute about the rent, to the District Court, any unpaid portion of the current month's rent or the rent arrearage, whichever is less.

14 M.R.S. § 6008(6) requires that a defendant file an affidavit with the notice of appeal stating that the defendant has complied with the requirement of § 6008(2) regarding

payment of rent.   Moreover, 14 M.R.S. § 6008(2)(A) requires the court to "condition the granting and continuation of the stay on the defendant's payment of rent . . . ."

The language of the statute does not allow for exceptions to the requirement to pay the current month's rent or the rent arrearage, whichever is less.[3] *See Mulholland v. Poole*, 2005 ME 18, ¶ 11, 866 A.2d 122.  The Law Court has identified one exception to the requirement, which is available only to defendants who are financially unable to pay rent and file an affidavit stating their financial inability to pay rent.  *Harrington v. Harrington*, 269 A.2d 310, 315 (Me. 1970); *see also Rairdon v. Dwyer*, 598 A.2d 444, 445 (Me. 1991) (no exception for defendants who failed to file affidavits claiming inability to pay rent). Beyond the narrow circumstances in which that exception may apply, an appeal may not be brought and a stay may not be granted if a defendant has not paid rent or the rent arrearage, whichever is less, to either the plaintiff or the District Court.

Defendants failed to pay the lesser of the current month's rent or the rent arrearage to either the District Court or Plaintiff before filing the Notice of Appeal and failed to file an affidavit stating their compliance with § 6008(2).  Defendants did not file an affidavit stating that they are financially unable to pay rent and, in fact, state that they are able to pay the current month's rent.   (Defs.' Mot. Stay and Mot. Reconsider 6.)   Because Defendants failed to comply with two of the requirements of § 6008 to bring an appeal, the Court properly dismissed the appeal and denied a stay of the writ of possession. Accordingly, the Court denies Defendants' Motion for Stay and Motion to Reconsider.

### III. Conclusion

For the foregoing reasons, the Court denies each of Defendants' Motions.

---

[3] Contrary to Defendants' assertion, the requirement to pay rent to either the plaintiff or District Court is not limited to those cases in which rent is in dispute.  Rather, the plain language of the statute provides that if rent is in dispute, then a defendant may pay rent to the District Court rather than directly to the plaintiff.

The entry is:

        Defendants' Emergency Motion to Recall Writ of Possession is DENIED.

        Defendants' Motion for Stay and Motion to Reconsider is DENIED.

        The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 10/14/2021

MaryGay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 10/15/2021



LH HOUSING, LLC,

      Plaintiff,

v.

JOEL DOUGLAS and AMY
SPRAGUE
      Defendants.

**ORDER ON DEFENDANTS' NOTICE OF
APPEAL ON QUESTIONS OF LAW AND
FACT**

REC'D CUMB CLERKS OFC
SEP 29 '21 AM11:12

Before the Court is Defendants, Joel Douglas and Amy Sprague's, Notice of
Appeal. Defendants appeal from a judgment of the District Court (Portland, *Darvin, J.*)
on questions of law and fact pursuant to M.R. Civ. P. 80D. In addition, Defendants'
Motion for Stay of Writ of Possession and Relief from the Requirement to Pay Rent Under
14 M.R.S. § 6008(2) and Plaintiff's Motion for Leave to File an Opposition to Defendants'
Appeal to a Trial by Jury are pending before the Court. For the following reasons,
Defendants' Appeal is dismissed. Dismissal of Defendants' Appeal renders the pending
motions moot and, accordingly, the Court denies each of the motions.

## I. Background

On November 3, 2020, Plaintiff commenced this action in the District Court by
filing a Complaint for Forcible Entry and Detainer. Plaintiff alleged that it had properly
terminated Defendants' tenancy and was entitled to immediate possession of 75 Queen
Street, Gorham, Maine ("the Property"). Defendants have resided at the Property since
at least June 1, 2015. Initially, Defendants resided at the Property pursuant to an

agreement with the record owner at the time, MECAP, LLC.[1] Plaintiff is the current record owner of the Property, having acquired ownership of the Property from MECAP, LLC by warranty deed dated April 13, 2016, and recorded April 15, 2016.

A hearing was held in the District Court and judgment was entered for Plaintiff on June 30, 2021. On July 6, 2021, Defendants filed a Motion for Additional Findings of Fact and Conclusions of Law and a Motion for Stay of the Writ of Possession. The District Court entered Orders denying Defendants' Motions on August 4, 2021.

On August 10, 2021, Defendants timely filed a Notice of Appeal and Affidavit, as well as a Motion for Stay of the Writ of Possession and Relief from the Requirement to Pay Rent Under 14 M.R.S. § 6008(2). In the Notice of Appeal and Affidavit, Defendants did not indicate whether they paid the current month's rent or rent arrearage to the Plaintiff or District Court. Instead, Defendants allege in their Motion for Stay of the Writ of Possession that they paid $32,500 at "the beginning of the lease."[2] (Defs.' Mot. Stay, ¶ 11.) Defendants appeal to the Court on questions of law and seek a jury trial *de novo* on questions of fact.

## II. Discussion

In a forcible entry and detainer action, either party may appeal from a judgment to the Superior Court on questions of law or to a jury trial *de novo* on questions of fact. M.R. Civ. P. 80D(f)(1)-(2); 14 M.R.S. § 6008(1) (2021). 14 M.R.S. § 6008(2) provides:

---

[1] No lease was admitted at trial in the District Court. *LH Housing, LLC v. Douglas*, No. SA-20-454, at *2 (Me. Dist. Ct., Portland, June 29, 2021). However, a Purchase and Sale Agreement for the Property between Defendant Douglas and MECAP, LLC, dated May 19, 2015, was admitted. (*See* Defs.' Ex. 1.) The Purchase and Sale Agreement states "Buyer will lease the property from June 1, 2015 to June 30, 2016." (Defs.' Ex. 1, ¶ 26.)

[2] The terms of the Purchase and Sale Agreement required an immediate deposit of $2,500 and a second deposit of $30,000, due to MECAP, LLC "prior to closing." (Defs.' Ex. 1, ¶ 5.) Defendant Douglas testified before the District Court that, before moving into the Property, he paid the deposits to Scott Lalumiere, a principal of MECAP, LLC and a former member of Plaintiff. *LH Housing, LLC v. Douglas*, No. SA-20-454, at *2 (Me. Dist. Ct., Portland, June 29, 2021).

When the defendant appeals [from the judgment of the District Court in a forcible entry and detainer action], the defendant shall pay to the plaintiff or, if there is a dispute about the rent, to the District Court, any unpaid portion of the current month's rent or the rent arrearage, whichever is less.

Moreover, 14 M.R.S. § 6008(6) provides: "A notice of appeal filed by the defendant must be accompanied by an affidavit stating the defendant has complied with the requirements of subsection 2 regarding the payment of rent." The language of the statute does not appear to allow for exceptions to the requirement to pay rent upon filing an appeal.[3] *See Mulholland v. Poole*, 2005 ME 18, ¶ 11, 866 A.2d 122. Failure to comply with the statutory requirements for commencing an appeal may be grounds for dismissal of the appeal. *See Portland Stage Co. v. Bad Habits Live*, 2001 ME 110, ¶¶ 2-5, 775 A.2d 1132; *Rairdon*, 598 A.2d at 445.

Defendants failed to pay the lesser of the current month's rent or the rent arrearage to either the District Court or Plaintiff before filing the Notice of Appeal. Defendants also failed to state, in the affidavit accompanying the Notice of Appeal, that they had complied with the requirements of 14 M.R.S. § 6008(2). Defendants request relief from the requirement to pay rent because Defendant Douglas paid $32,500 at the beginning of the lease. (Defs.' Mot. Stay ¶ 11.)

It is unclear from Defendants' Motion why a sum paid several years ago pursuant to a Purchase and Sale Agreement with MECAP, LLC entitles Defendants to relief from the requirement of 14 M.R.S. § 6008(2) to pay rent. Defendants do not allege that the deposit was a prepayment of rent, nor that Defendants are not in arrears of rent, nor that Defendants are financially unable to pay rent. Granting Defendants relief would be

---

[3] Case law decided under a prior version of the statute, now repealed, has recognized an exception for indigent defendants who file an affidavit attesting to their financial inability to pay rent. *Harrington v. Harrington*, 269 A.2d 310, 316 (Me. 1970); *see also Rairdon v. Dwyer*, 598 A.2d 444, 445 (Me. 1991) (no exception for defendants who failed to file affidavits claiming inability to pay rent).

contrary to the statute and its purpose. Defendants, therefore, are not entitled to relief from the requirement to pay rent. Because Defendants have failed to comply with two requirements of 14 M.R.S. § 6008 for commencing an appeal, the Court dismisses Defendants' Appeal.

## III. Conclusion

For the foregoing reasons, the Court dismisses Defendants' Appeal. Dismissal of the Appeal renders the remaining pending motions moot. Accordingly, the Court denies each of those motions.

The entry is:

Defendants' Appeal on Questions of Law and Fact is DISMISSED.

Defendants' Motion for Stay of Writ of Possession and Relief from the Requirements of 14 M.R.S. § 6008(2) is DENIED.

Plaintiff's Motion for Leave to File an Opposition to Defendants' Appeal to a Trial by Jury is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 9/29/2021

MaryGay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 09/29/2021

Page 4 of 4