STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-2021-40

WHIPPING POST, LLC,

  Appellee/Plaintiff,

v.

STEVE FOWLER, a/k/a STEVE
FOWLER-GREAVES, and ALL
OTHER OCCUPANTS,

  Appellant/Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**DECISION AND ORDER ON
PENDING MOTIONS**

This matter is before the Court on Appellant Steve Fowler's Motion to Strike

Sleeper Affidavit, Appellee Whipping Post, LLC's ("Whipping Post") Motion to Vacate

Order Granting Stay of Issuance of Writ, Whipping Post's Motion to Dismiss Appeal, Mr.

Fowler's Motion to Reconsider Request for Jury Trial, and Whipping Post's Motion to File

Objection in Excess of 10 Pages. For the following reasons, the Court grants Mr. Fowler's

Motion to Strike in part, grants Whipping Post's Motion to Vacate Order Granting Stay

of Issuance of Writ, and grants Whipping Post's Motion to Dismiss Appeal. Because the

Court dismisses the appeal, the remaining motions are moot.

## I. Background

Mr. Fowler is in possession of real property located at 661 Allen Avenue, Portland,

Maine ("the Property") pursuant to a Lease Agreement ("the Lease") with Birch Point

Storage, LLC ("Birch Point").[1] The term of the Lease runs from April 1, 2017, to March 31,

---

[1] Mr. Fowler asserts equitable title to the Property. Mr. Fowler, who was formerly the record owner of the Property, claims that he transferred the Property to Birch Point as security for a loan.

REC'D CUMB CLERKS OFC
JUL 22 '22 PH 1:22

2022. The Lease provides for rental payments of $2,695.00 per month, to increase by four percent annually.

After Birch Point defaulted on a loan, Androscoggin Savings Bank foreclosed upon its mortgage on the Property. The Property was conveyed at public sale to Whipping Post. When Mr. Fowler allegedly breached the Lease by failing to pay rent, Whipping Post served a Notice to Quit upon Mr. Fowler. Following expiration of the notice to quit period, Whipping Post initiated this forcible entry and detainer action.

On November 23, 2021, the District Court (Portland, *Darvin, J.*) entered judgment in favor of Whipping Post for possession of the Property. On December 14, 2021, Mr. Fowler filed a Notice of Appeal to the Superior Court. On February 24, 2022, this Court granted a stay of the writ of possession pending appeal. The stay was conditioned on Mr. Fowler's payment of "the amount of rent provided by the Lease into an escrow account each month during the pendency of this appeal."

As mentioned above, several motions are now pending. The Court will address each pending motion in turn.

## II.    Discussion

### A.    Mr. Fowler's Motion to Strike Sleeper Affidavit

Mr. Fowler requests that the Court strike the April 22, 2022 Affidavit of F. Bruce Sleeper, counsel for Whipping Post, which accompanies Whipping Post's Motion to Dismiss Appeal. Mr. Fowler contends that the statements in the Sleeper Affidavit regarding judicial records and Attorney Sleeper's communications with the Clerk's office are inadmissible hearsay. The Court agrees that the statements regarding Attorney Sleeper's communications with the Clerk are inadmissible, as are Attorney Sleeper's statements regarding his email to Attorney Andrews. The Court will not consider the fifth numbered paragraph of the Sleeper Affidavit. However, as requested by Attorney

Sleeper, the Court will take judicial notice of the docket entries and records of this Court and the District Court. *See Wells Fargo Bank v. Bump*, 2021 ME 2, ¶ 21, 244 A.3d 232 ("As we have stated in particular, '[c]ourts may take judicial notice of pleadings, dockets, and other court records where the existence or content of such records is germane to an issue in the same or separate proceedings.'" (quoting *Cabral v. L'Heureux*, 2017 ME 50, ¶ 10, 157 A.3d 795)).

The Court will also consider Exhibit B to the affidavit, an email sent by Attorney Sleeper to Attorney Andrews, for the limited purpose of determining whether Mr. Fowler had notice of the asserted underpayment of rent.

### B. Whipping Post's Motion to Vacate Order Granting Stay of Issuance of Writ

By the Court's Order on Appellant Fowler's Motion to Stay Pending Appeal, dated February 24, 2022, the writ of possession was stayed pending this appeal on the condition that Mr. Fowler pay monthly rent as provided in the Lease. Whipping Post requests that the Court vacate the stay because Mr. Fowler has not timely paid rent for any month since the Court's grant of the stay. 14 M.R.S. § 6008(2)(A)(2021) provides:

> The Superior Court shall condition the granting and continuation of the stay on the defendant's payment of rent for the premises as required by this subsection at the time of appeal and on payment of any rent that has accrued since the filing of the appeal to the plaintiff or, if there is a dispute about the rent, into an escrow account to be administered by the clerk of the Superior Court.

Mr. Fowler does not dispute that he did not make timely rent payments for the months following this Court's entry of the stay. Despite being warned in that Order that failure to comply with the condition would result in the Court vacating the stay, Mr. Fowler did not request additional time to make the payments during the pendency of the appeal or promptly request relief from the requirement to pay rent. Mr. Fowler, therefore,

has not complied or attempted to comply with the conditions of § 6008(2)(A) or the Court's Order for continuation of the stay. Accordingly, the Court must vacate the stay.

### C.     Whipping Post's Motion to Dismiss Appeal

Whipping Post also seeks dismissal of the appeal because Mr. Fowler failed to pay rent in full for December 2021, the month in which he filed the Notice of Appeal. 14 M.R.S. § 6008(2) provides:

> When the defendant appeals [from the judgment of the District Court in a forcible entry and detainer action], the defendant shall pay to the plaintiff or, if there is a dispute about the rent, to the District Court, any unpaid portion of the current month's rent or the rent arrearage, whichever is less.

The language of the statute does not allow for exceptions to the requirement to pay rent upon filing an appeal. *See Mulholland v. Poole*, 2005 ME 18, ¶ 11, 866 A.2d 122. Failure to comply with the statutory requirements for commencing an appeal is grounds for dismissal of the appeal. *See Portland Stage Co. v. Bad Habits Live*, 2001 ME 110, ¶¶ 2-5, 775 A.2d 1132; *Rairdon v. Dwyer*, 598 A.2d 444, 445 (Me. 1991).

However, in the context of a prior version of the forcible entry and detainer statute, the Law Court recognized an exception to the requirement to pay rent to bring an appeal. *See Harrington v. Harrington*, 269 A.2d 310, 313-16 (Me. 1970). In *Harrington*, the appellants timely filed an affidavit claiming that they were indigent and financially unable to pay rent to bring the appeal. *See id.; Rairdon*, 598 A.2d at 445 (discussing facts of *Harrington*). On equal protection grounds, the Law Court invalidated the escrow requirement as applied to indigent appellants who timely advise the trial court of their indigency. *Id.*

In *Rairdon v. Dwyer*, the Law Court elaborated on the scope of its holding in *Harrington*:

> Here the Dwyers failed in the Superior Court to assert, as the tenant did in *Harrington*, a right to proceed on appeal without paying current rent. Even though they filed affidavits in the Superior Court on the amount of the appropriate rent to be set, the Dwyers included therein no claim of financial

inability to pay rent. Nor did they challenge the amount of the prescribed rent during the grace period that the court gave them. Although the Dwyers later filed further affidavits seeking waiver of the filing fee on their appeal here, those affidavits, coming as they did after the Superior Court dismissal order, did not alert the court at the time of the dismissal of any claim of the Dwyers' inability to pay the rent. Because they neglected to advise the court of facts that might have made section 6008's escrow requirement inapplicable to them, the Dwyers have not preserved for appellate review the question whether section 6008 may constitutionally be applied to them. On this record, by not paying rent into escrow and by not making any timely assertion of an inability to do so, the Dwyers have lost whatever right they might have had under Harrington to proceed to a trial in the Superior Court.

598 A.2d at 445 (citations omitted). Thus, while indigent appellants have a right to proceed with an appeal without paying rent pursuant to 14 M.R.S. § 6008(2), they must timely inform the trial court of their inability to pay rent.

The Lease provided for rent of $2,695.00 per month, to increase by four percent annually. Thus, from April 1, 2021, to April 1, 2022, the monthly rent pursuant to the Lease was $3,152.77. Mr. Fowler does not dispute that, by the terms of the Lease, rent due for December 2021 totaled $3,152.77, not $2,695.00. Nor does he dispute that his check for $2,965.00, which he deposited when he filed the Notice of Appeal, was only a partial payment of rent pursuant to the terms of the Lease. Although Mr. Fowler was put on notice of the underpayment, he did not promptly seek to remedy the underpayment or ask the Court for additional time to do so.

Nor has Mr. Fowler filed an affidavit explaining the basis for the partial payment or asserting that he is indigent. He has not informed the Court of any "facts that might have made section 6008's escrow requirement inapplicable" to him. *See Rairdon*, 598 A.2d at 445.

Rather, Mr. Fowler asserts that the statutory requirement to pay rent constitutes a procedural due process violation. He argues that *North School Congregate Housing v. Merrithew*, 558 A.2d 1189 (Me. 1989), establishes a right to a jury trial in forcible entry and

detainer actions without payment of rent when the appellant asserts ownership of the property. However, he misconstrues the holding of that case. *North School Congregate Housing* merely held that a right to a jury trial exists in forcible entry and detainer actions; it did not address a requirement to pay rent upon filing a notice of appeal. *Id.* at 1196-97. In any event, more recent case law upholds the statute's requirement to pay rent in the absence of an assertion of indigency and disposes of this issue. *See Rairdon*, 598 A.2d at 445.

Mr. Fowler's due process arguments are unavailing, and his failure to comply with § 6008(2)—for which he has not offered any other justification—warrants dismissal of the appeal. *See Portland Stage Co.*, 2001 ME 110, ¶¶ 2-5, 775 A.2d 1132; *Rairdon*, 598 A.2d at 445. Accordingly, the Court dismisses Mr. Fowler's appeal in its entirety and orders that the escrowed funds be paid over to Whipping Post. *See* 14 M.R.S. § 6008(2)(A) ("The appeal decision or an agreement of the parties must provide for the disposition of the escrowed rent.")

### D. Whipping Post's Motion to File Objection in Excess of 10 Pages

Because the Court dismisses the appeal, this motion is now moot.

### E. Mr. Fowler's Motion to Reconsider Request for Jury Trial

Because the Court dismisses the appeal, this motion is now moot.[2]

## III. Conclusion

For the foregoing reasons, the Court dismisses Mr. Fowler's appeal and vacates the stay of the writ of possession.

The entry is:

---

[2] The Court acknowledges and regrets the oversight of Mr. Fowler's affidavit in support of his request for a jury trial de novo. However, Mr. Fowler's affidavit has no effect on the Court's ruling on Whipping Post's Motion to Dismiss Appeal.

1. Appellant Steve Fowler's Motion to Strike Sleeper Affidavit is GRANTED IN PART AND DENIED IN PART as follows: The fifth numbered paragraph of the F. Bruce Sleeper Affidavit, dated April 22, 2022, is stricken. The remainder of the Sleeper Affidavit and attached exhibits are not stricken.

2. Appellee Whipping Post, LLC's Motion to Vacate Order Granting Stay of Issuance of Writ is GRANTED. The stay of the issuance of the writ of possession for the property at 661 Allen Avenue, Portland, Maine is VACATED.

3. Whipping Post's Motion to Dismiss Appeal is GRANTED. Mr. Fowler's appeal is DISMISSED. The escrowed funds shall be paid out to Whipping Post.

4. Mr. Fowler's Motion to Reconsider Request for Jury Trial is DENIED AS MOOT.

5. Whipping Post's Motion to File Objection in Excess of 10 Pages is DENIED AS MOOT.

The Clerk is directed to incorporate this Decision and Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _July 22, 2022_

_____
MaryGay Kennedy, Justice
Maine Superior Court