2007 ME 52

**Sylvia M. MacPHERSON**

v.

**ESTATE OF John W. MacPHERSON.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 27, 2007.

Decided: April 17, 2007.

Christopher James Whalley, Ellsworth, for plaintiff.

Amy L. Faircloth, Pelletier & Faircloth, Bangor, for defendant.

Panel: CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CLIFFORD, J.

[¶ 1] Sylvia M. MacPherson appeals from the denial of a motion for reconsideration entered in the District Court (Ellsworth, *Mullen, J.*). The court denied Sylvia's motion to reconsider its denial (*Murray, R., J.*) of her motion to dismiss her divorce complaint and vacate the divorce judgment previously entered as to her and her husband, John W. MacPherson, who died subsequent to the entry of the judgment. Sylvia contends that the divorce judgment was voided by John's death. We disagree, and affirm the judgment.

## I. BACKGROUND

[¶ 2] Sylvia and John MacPherson were married on May 10, 2003. They had no children together. On March 20, 2006, Sylvia filed a complaint for divorce against John in the District Court on the ground of irreconcilable differences. The divorce was uncontested and the parties executed a settlement agreement as to all aspects of the divorce. In the divorce judgment entered May 23, 2006, the court (*Murray, R., J.*) incorporated the settlement agreement in its entirety. No appeal from the judgment was taken.

[¶ 3] On June 4, 2006, within the appeal period for the divorce judgment, John died unexpectedly. Sylvia then moved the court to dismiss her complaint and to vacate the divorce judgment on the ground of a substantial change in circumstances, namely, John's death. The court denied the motion. The court (*Mullen, J.*) also denied Sylvia's subsequent motion for reconsideration. Sylvia then filed this appeal.

## II. DISCUSSION

[¶ 4] Sylvia contends that because the appeal period for the divorce judgment had not yet expired when John died, the judgment was not final, and became void upon his death. She argues that the court therefore erred in failing to dismiss her divorce complaint. The validity of a judgment is an issue of law we review de novo. *See Blanchard v. Sawyer,* 2001 ME 18, ¶ 5, 769 A.2d 841, 843.

[¶ 5] Contrary to Sylvia's contentions, the divorce judgment was already final when John died. A final judgment "fully decides and disposes of the entire matter pending before the court or administrative agency, leaving no questions for the future consideration and judgment of the court or administrative agency." *Carroll v. Town of Rockport,* 2003 ME 135, ¶ 16, 837 A.2d 148, 154. This is precisely the kind of judgment that had been entered in this case. The court's divorce judgment fully disposed of the entire divorce proceeding, incorporating the parties' own previously-executed settlement agreement, and left no further matters to be decided by the trial court. As M.R. Civ. P. 80(f) also provides, "any order granting a divorce ... shall be a final judgment."

[¶ 6] Sylvia relies on our decision in *Panter v. Panter,* 499 A.2d 1233 (Me.1985), to contend that her divorce judgment must be dismissed. In *Panter,* we vacated a

divorce judgment in which the husband died after the entry of a divorce judgment, but *during the pendency of an appeal that had already been filed.* 499 A.2d at 1233. We determined that the appeal "had the effect of staying" the divorce judgment, and the divorce judgment having been stayed, the entire action abated on the death of one of the parties to the divorce. *Id.*

[¶ 7] Unlike *Panter*, however, in this case, there was no appeal pending when John died, and accordingly, the divorce judgment was not stayed prior to John's death. Sylvia does not challenge the divorce judgment itself, and she did not preserve any objections to any of the proceedings or the court's ruling, having agreed to all of the terms of the divorce judgment prior to entry of the judgment. Instead, she relies solely on John's death as a means to abate the judgment.

 [¶ 8] We find no authority supporting Sylvia's contention. She relies on M.R. Civ. P. 62(a), but Rule 62(a) deals only with the execution of a judgment, and not its finality.[1] Nor does M.R. Civ. P. 41 give Sylvia the right to dismiss an action that was no longer pending.[2] Finally, Sylvia's contention that her motion was actually a motion for relief from judgment filed pursuant to M.R. Civ. P. 60(b)(2) on the ground of newly discovered evidence is not persuasive, as John's death was not "newly discovered" evidence within the meaning of Rule 60(b)(2), but was rather an event that occurred after entry of the final divorce judgment.

 [¶ 9] Sylvia's argument is also contrary to the letter and the spirit of the final judgment rule. Only final judgments may be appealed from, and such appeals must be filed within the appeal period following the entry of that judgment. M.R.App. P. 2(a)(1), (b)(3); *see Sanborn v. Sanborn,* 2005 ME 95, ¶ 4, 877 A.2d 1075, 1076. Sylvia essentially argues that a judgment does not become final until that appeal period has already expired, even if no party has actually appealed. If that were true, appellants would be precluded from *ever* appealing a judgment because, by the time the judgment became "final" by expiration of the appeal period, any appeal filed thereafter would be untimely. Thus, the divorce judgment issued by the court was final, and the court correctly denied Sylvia's motion to dismiss.

The entry is:

Judgment affirmed.

1. "[N]o execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 30 days after its entry or until the time for appeal from the judgment as extended by the rules governing appeals has expired." M.R. Civ. P. 62(a).

2. "[A]n action may be dismissed by the plaintiff without order of court ... by filing a stipulation of dismissal signed by all parties who have appeared in the action." M.R. Civ. P. 41(a)(1).