2007 ME 117

**DEPARTMENT OF AGRICULTURE, FOOD & RURAL RESOURCES**

v.

**Gerard OUELLETTE et al.**

Supreme Judicial Court of Maine.

Submitted On Briefs: June 13, 2007.

Decided: Aug. 21, 2007.

Michael S. Haenn, Esq., Bangor, for plaintiff.

William J. Smith, Esq., Smith Law Office, LLC, Van Buren, for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, SILVER, and MEAD, JJ.

CALKINS, J.

[¶ 1] Gerard and Adrienne Ouellette appeal from a summary judgment of foreclosure in favor of the Department of Agriculture, Food & Rural Resources, entered in Superior Court (Aroostook County, *Hunt-*

*er, J.*). The Ouellettes raise several issues on appeal, including their contention that the court erred in granting a summary judgment because there are genuine issues of material fact regarding their homestead exemptions and the priority of the interested parties' claims. Because we conclude that the judgment is not final in that it does not determine the amount of the Ouellettes' homestead exemptions and the priority order of the exemptions and interested parties' claims, we dismiss the appeal as interlocutory.

## I. BACKGROUND

[¶ 2] The statements of material fact reveal that the Ouellettes granted a mortgage to the Department in 1997 in the amount of $178,000. The mortgage covers four separate parcels of real estate in Madawaska, and the Ouellettes' home is located on one of the parcels. The Ouellettes are in default of their payment obligations to the Department.

[¶ 3] The Department brought a complaint for foreclosure against the Ouellettes and named several interested parties. The Department moved for a summary judgment and stated that the Ouellettes owed $112,229.03 in principal, interest, and late charges, with interest accruing at the rate of $13.56 per day. The Ouellettes disputed that they owed that amount, but the court concluded that there was no factual dispute for it to resolve, and the amount owing is not an issue on appeal. Instead, the issues on appeal concern the Ouellettes' homestead exemptions as well as the priority order of the exemptions and the claims of the interested parties.

[¶ 4] The Ouellettes stated in their statement of material facts that they are entitled to homestead exemptions of $70,000 each, based upon their physical disabilities. They requested that the court specify that the non-homestead parcels of land be sold first and order that if the amount owing to the Department is satisfied from the sale of those parcels, the parcel with their home not be sold.

[¶ 5] The judgment of foreclosure does not determine the amount of the homestead exemptions applicable to the Ouellettes, although the judgment notes that none of the parties dispute the Ouellettes' entitlement to homestead exemptions. The court's decision states that the homestead exemption is not appropriate for inclusion in the judgment. The court denied the Ouellettes' request to specify that the non-homestead parcels be sold first. The court agreed with the Department's contention that the homestead protection is for a sum of money, which is realized in the distribution of the sale proceeds, and not an entitlement to specific real estate. The court held that the Department has the right to sell all of the mortgaged real estate.

[¶ 6] The foreclosure judgment sets forth the amount due, including attorney fees, and orders that if the amount is not paid within the period of redemption, the Department shall proceed to sale. The court did not set the order of priority of the proceeds of the sale to any of the interested parties named in the complaint, but instead stated that the amounts and order of priority will be established on motion of any party. The Ouellettes timely appealed from the judgment.

## II. DISCUSSION

[¶ 7] We review the grant of a summary judgment de novo, viewing all facts in the light most favorable to the nonmoving parties. *Arrow Fastener Co. v. Wrabacon, Inc.*, 2007 ME 34, ¶ 15, 917 A.2d 123, 126. We review only final judgments and not interlocutory orders, absent an exception to the final judgment rule. *See Austin v. Universal Cheerleaders*

*Ass'n,* 2002 ME 174, ¶ 4, 812 A.2d 253, 255. "A final judgment fully decides and disposes of the entire matter pending before the court ..., leaving no questions for the future consideration and judgment of the court...." *MacPherson v. Estate of Mac-Pherson,* 2007 ME 52, ¶ 5, 919 A.2d 1174, 1175 (quotation marks omitted).[1]

[¶ 8] The foreclosure judgment is not final in two respects: (1) it fails to address the amount and priority order of the homestead exemptions; and (2) it does not set a priority order for the claims of the interested parties.

A.   Homestead Exemptions

[¶ 9] The Ouellettes recognize that the Department's security interest in their residence and real estate is not subject to their homestead exemptions. The statute states: "The debtor's interest in a residence shall not be exempt from claims secured by real estate mortgages on or security interests in the residence or claims of lien creditors under [the mechanic lien statutes]." 14 M.R.S. § 4425(1) (2006). They contend that the value of their real estate exceeds the amount owing to the Department. In the event of a sale and a surplus after the Department has taken what it is owed, they believe that their homestead exemptions take priority. However, the court has not yet ruled on the amount of their exemptions and where in the order of priorities their exemptions should be placed.

[¶ 10] The statute creating the homestead exemption provides that every debtor has an interest in property that the debtor uses as a residence in an amount "not to exceed $35,000 in value." 14 M.R.S. § 4422(1)(A) (2006). But if the debtor is either sixty years of age or older or "a person physically or mentally disabled and because of such disability is unable to engage in substantial gainful employment and whose disability has lasted or can be expected to last for at least 12 months or can be expected to result in death," the exempt amount is increased to $70,000. 14 M.R.S. § 4422(1)(B) (2006). Both Ouellettes claim to be entitled to the $70,000 exempt amount and state that they are each physically disabled and unable to engage in substantial gainful employment. In addition, they both allege facts in their affidavits from which it could be determined that they are both presently sixty years of age or older. The court neither determined whether the Ouellettes were each entitled to a $70,000 homestead exemption nor whether their exemptions are to be taken before or after any or all of the interested parties.

B.   Order of Priority of Interested Parties

[¶ 11] The foreclosure statute provides that "[a]fter hearing, the court shall determine whether there has been a breach of condition in the plaintiff's mortgage, the amount due thereon, including reasonable attorney's fees and court costs, *the order of priority and those amounts, if any, that may be due to other parties that may appear....*" 14 M.R.S. § 6322 (2006) (emphasis added). The judgment in this case does not set forth the order of priority or the amounts due to the interested parties in this case.

[¶ 12] Because the judgment does not address these issues, it is not final, and we must dismiss the appeal.

1.   We recognize that the foreclosure statutes anticipate certain post-sale proceedings. For example, parties may contest the mortgagee's accounting of sale proceeds, and the mortgagee may seek a deficiency judgment. 14 M.R.S. § 6324 (2006). However, post-sale proceedings do not occur until after the period of redemption, which does not begin to run until the date of judgment. 14 M.R.S. § 6322 (2006); *see KeyBank Nat'l Ass'n v. Sargent,* 2000 ME 153, ¶ 10, 758 A.2d 528, 532.