2009 ME 34

**ESTATE OF Jessica BANKS**

v.

**John BANKS.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 26, 2009.

Decided: April 7, 2009.

N. Laurence Willey, Jr., Esq., Thomas M. Matzilevich, Esq., Willey Law Offices, Bangor, for Estate of Jessica Banks.

Bruce C. Mallonee, Esq., Rudman & Winchell, Bangor, for John S. Banks.

Panel: CLIFFORD, and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

GORMAN, J.

[¶ 1] The Estate of Jessica Banks appeals from an order entered in the District Court (Bangor, *Stitham, J.*) granting John Banks's motion to dismiss Jessica Banks's divorce complaint and an order denying a motion filed by the co-personal representatives of Jessica's Estate to substitute themselves for Jessica in the divorce following Jessica's death. The Estate argues that the court erred in concluding that the divorce judgment was not final because the judgment, although signed, was not docketed by the time Jessica died. The Estate contends that the judgment was final upon the court's signature and therefore should not have been dismissed. John cross-appeals from the same order, which also denied his motion to dismiss the real estate actions that were consolidated with the divorce and granted the Estate's motion for substitution in the real estate actions. John contends that the court erred in treating the real estate actions as a separate matter from the divorce and failing to dismiss both claims. He maintains that the court properly dismissed the divorce. We agree with the Estate's contentions and vacate the part of the order dismissing the divorce judgment and denying the motion to substitute parties.

## I. FACTS AND PROCEDURAL HISTORY

[¶ 2] Jessica and John were married in July 2000. Jessica filed a complaint for divorce from John in September 2006. In March 2007, Jessica also filed a real estate action against John that involved two pieces of land that the couple purchased before their marriage. John filed a counterclaim in that action concerning improvements he made to some of Jessica's nonmarital property. In May 2007, the court ordered the consolidation of the divorce and real estate actions.

[¶ 3] After a hearing in March 2008 and the taking of some additional evidence in July 2008, the court signed a judgment incorporating both the divorce and the real estate actions on July 16, 2008. Jessica died on July 20, 2008, five days before the judgment was docketed on July 25. On August 6, Jessica's attorney filed a suggestion of death upon the record pursuant to M.R. Civ. P. 25(a)(1) and the co-personal representatives of her Estate moved to substitute themselves for Jessica in both the divorce and the real estate actions. John filed a motion to dismiss on August 8. He argued that because Jessica died before the judgment was entered on the docket, the judgment was not final at the time of Jessica's death. Additionally, he argued that because the real estate action was consolidated with the divorce, the court should dismiss both claims as a result of Jessica's death. On August 14, John filed a notice of appeal to this Court, challenging the trial court's characterization of certain nonmarital property, the overall division of property, and the award of attorney fees to Jessica in the divorce judgment.

[¶ 4] On October 3, 2008, the court considered the divorce and real estate actions separately in ruling on the motions for substitution and to dismiss. In the divorce, the court denied the motion for substitution and granted the motion to dis-

miss, explaining that "[d]ivorce actions require two living, married parties." In the real estate actions, the court granted the motion for substitution and denied John's motion to dismiss, noting that 18–A M.R.S. § 3–817(a) (2008) permits the survival of a cause of action after the death of a party. Both parties appealed the October 3 order.

## II. DISCUSSION

[¶ 5] The question of whether the court erred in granting or denying the motions to dismiss depends upon the validity of the divorce judgment at the time of Jessica's death. "The validity of a judgment is an issue of law we review de novo." *MacPherson v. Estate of MacPherson*, 2007 ME 52, ¶ 4, 919 A.2d 1174, 1175.

[¶ 6] "A final judgment ... is a decision that fully decides and disposes of the entire matter pending before the court ... leaving no questions for the future consideration and judgment of the court...." *Carroll v. Town of Rockport*, 2003 ME 135, ¶ 16, 837 A.2d 148, 154. In particular, "any order granting a divorce ... disposition of property, or other disposition, award, or division of property incident to a divorce ... shall be a final judgment, notwithstanding the pendency of any other claim or counterclaim in the action." M.R. Civ. P. 115(b).

[¶ 7] There is no question that the July 16, 2008, divorce judgment fully decided the matters incident to the divorce and the real estate actions. The focus of our inquiry into the validity of the judgment, however, is to decide at what point in time that judgment became final. We have already decided that after a trial court has rendered its divorce judgment, the finality of the judgment is not dependent on the expiration of the time allowable for filing a notice of appeal, *MacPherson*, 2007 ME 52, ¶ 9, 919 A.2d at 1176, although, once a notice of appeal has been filed, the judg-

ment is stayed during the pendency of the appeal, *see Panter v. Panter*, 499 A.2d 1233, 1233 (Me.1985). We have not had reason to consider the finality of a judgment during the timeframe presented here: between the court's signature and the docketing of the judgment. We decide this issue based on Rule 58 of the Maine Rules of Civil Procedure.

[¶ 8] Rule 58 states that:

The notation of a judgment in the civil docket in accordance with Rule 79(a) constitutes the entry of the judgment. Any judgment or other order of the court is effective and enforceable upon signature by the court.... The date of entry of the judgment or order shall govern time calculations pursuant to these rules or applicable statutes.

M.R. Civ. P. 58. Rule 58 reflects a conscious amendment made in 2004 to make a judgment effective and enforceable upon signature by the court rather than at the time the judgment is docketed. M.R. Civ. P. 58 Advisory Committee's Note to 2004 amend. This rule was amended to address problems encountered by litigants, particularly in domestic relations cases, when court staffing shortages caused significant delays in docketing. *Id.*

[¶ 9] Because Rule 58 states that a judgment is enforceable and effective upon signature, we conclude that that is when a judgment becomes final. The judgment's entry on the docket determines the timing of certain filings, but is not dispositive of the judgment's finality. Additionally, although we recognize that filing a notice of appeal has the effect of staying a judgment, *see Panter*, 499 A.2d at 1233, as we held in *MacPherson*, 2007 ME 52, ¶ 9, 919 A.2d at 1176, a judgment's finality is independent of the expiration of the period permitted for filing a notice of appeal. We emphasize that the rule adopted

**528**

here applies to judgments that result from contested hearings as well as judgments incorporating previously-executed settlement agreements. The court's signature is the defining moment for a judgment's finality, regardless of the level of agreement between parties leading up to the judgment.[1]

[¶ 10] Therefore, because Jessica died after the court signed the divorce judgment, but before John filed his notice of appeal, the divorce judgment was final at the time of Jessica's death and John's subsequent filing of his notice of appeal did not change the character of the judgment at the time of Jessica's death. To reflect the finality of the judgment, we must also vacate the court's order denying the motion to substitute parties in the divorce matter. Because John filed a timely notice of appeal from the divorce judgment, pursuant to M.R. Civ. P. 25(a)(1), a successor or representative of Jessica may be permitted to represent Jessica's interests in that appeal.

[¶ 11] Last, we affirm the court's treatment of the real estate action as a separate matter and its decision to deny John's motion to dismiss and to grant the motion for substitution of parties. For the same reasons just explained, the real estate judgment was final at the time of Jessica's death and her Estate may represent her interest going forward.

The entry is:

Order granting motion to dismiss divorce action and denying motion for sub-

stitution of parties vacated. Judgment affirmed in all other respects.

---

1. In *MacPherson v. Estate of MacPherson,* 2007 ME 52, ¶¶ 5, 7, 919 A.2d 1174, 1175, 1176, in determining that a divorce judgment was final, we noted the judgment incorporated a previously-executed settlement agreement between the parties and that the agreement was comprehensive, leaving no terms of the judgment subject to challenge. *Id.* ¶ 7, 919 A.2d at 1176. We now clarify *MacPherson* and hold that a judgment's finality is not dependent on whether the judgment incorporates a previously-executed settlement agreement. Rule 58 applies to make all judgments final on the signature of the court.