STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-CV-13-81

*MMM Cum- 3/20/2014*

|  |  |
|---|---|
| FARM CREDIT OF MAINE, ACA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOSEPH W. BESSEY, RANGELEY STATION, LLC, and VALLEY ACQUISITIONS, INC., | ) |
| | ) |
| Defendants | ) |
| | ) |
| | ) |
| JOSEPH W. BESSEY, VALLEY ACQUISITIONS INC., and RANGELEY STATION, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| FARM CREDIT OF MAINE, ACA and SCOTT G. KENNEY, | ) |
| | ) |
| Defendants | ) |
| | ) |

**Order**
(Motion for Default)

Joseph Bessey, Valley Acquisitions, Inc., and Rangeley Station, LLC (collectively, the "Bessey parties") move for default and default judgment against Defendants Farm Credit of Maine, ACA and Scott G. Kenney (collectively, Farm Credit) in this consolidated matter.[1]

The Court took the motion under advisement on February 7, 2014, pursuant to the Case Management Conference Order issued that date.[2]

---

[1] Pursuant to the Order on Motion to Consolidate dated February 26, 2014, BCD-CV-13-81 and BCD-CV-14-09 were consolidated.

1

The Bessey parties initiated this matter in Aroostook County Superior Court on August 28, 2013, by filing a complaint and motion for temporary restraining order (TRO) to enjoin a pending power of sale foreclosure scheduled for September 5, 2013. *See* M.R. Civ. P. 3. The complaint was not verified and the motion did not include an affidavit as required by M.R. Civ. P. 65(a). Justice Cuddy initiated a telephonic conference of counsel on August 29, 2013. During the call, Justice Cuddy noted the inadequacies of the complaint and motion. The matter was continued for a hearing on September 3, 2013.

Farm Credit and Kenney filed an opposition to the TRO, supported by the affidavit of Julianne Ray, on September 2, 2013. Prior to the hearing on September 3, 2013, the Bessey parties filed an amended and verified complaint signed by Mr. Bessey. Justice Cuddy denied the TRO by order dated September 4, 2013. On September 5, 2013, the Bessey parties filed a notice of appeal of the denial of the TRO and motion to stay the matter pending appeal. After a phone conference with counsel,[3] Justice Cuddy denied the motion by order dated September 10, 2013.

Justice Hunter issued a scheduling order on October 18, 2013. The Bessey parties filed a second amended complaint on October 28, 2013. On December 18, 2013, Farm Credit and Kenney filed their motion to dismiss, but did not otherwise answer any of the filed complaints. *See* M.R. Civ. P. 12(b). On January 6, 2014, the Bessey parties moved for default and default judgment. No return of service has ever been filed with the court following the filing of the original complaint, the amended complaint, or the second amended complaint.

---

[2] Farm Credit has moved to dismiss this matter for failure to file a return of service and insufficient service of process. *See* M.R. Civ. P. 3, 12(b)(5). Counsel for Farm Credit informed the Court at the Case Management Conference, in the presence of Counsel for the Plaintiffs in this matter, that it would be withdrawing this motion should the Court deny the motion for default and default judgment. Accordingly, the Court does not address the merits of the motion to dismiss at this time.

[3] During the phone conference with Justice Cuddy, counsel advised that the auction sale had been rescheduled until October 8, 2013.

2

The Bessey parties assert that because Farm Credit has defended through the temporary restraining order and motion for stay and has not answered the complaint, Farm Credit has failed to respond and the Bessey parties are entitled to default judgment. The Bessey parties also assert that the same facts constitute waiver of the defect in the return of service.

A default is only appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." M.R. Civ. P. 55(a). Nevertheless, "[b]ecause a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default." *Adams v. Howe*, 2:10-CV-13529, 2011 WL 1743428, at *2 (E.D. Mich. Apr. 13, 2011); *accord* Silver v. Brown, 678 F. Supp. 2d 1187, 1199 (D.N.M. 2009) ("A motion for default judgment is meritless, however, when the defendants were never properly served.") *rev'd in part on other grounds*, 382 F. App'x 723 (10th Cir. 2010). *See also* M.R. Civ. P. 12(a) ("A defendant shall serve that defendant's answer within 20 days *after the service of the summons and complaint* . . ." (emphasis added)).

In this case, the Court is not entirely clear upon which form of service the Bessey parties rely. The motion for default, which was attested to by Attorney Chute, states that the Bessey parties "simultaneously with the filing with this Court, served in hand the defendants, Farm Credit of Maine and Scott Kenney, through counsel, with the Complaint together with its Motion for Temporary Restraining Order and Preliminary Injunction. (A true copy of the receipt for service upon UPS delivery appended hereto.)."[4] (M. Default 1.) The service could thus be pursuant to M.R. Civ. P. 4(d)(9) or pursuant to M.R. Civ. P. 4(c)(1). In either case, however, the Bessey parties were required to file a return of service with the court pursuant to M.R. Civ. P.

---

[4] It is not clear if "through counsel" means that the complaint was handed from counsel to counsel, or that the Bessey parties handed the complaint to Farm Credit's counsel. The Court further notes that service of process requires service of both summons and complaint, not just a complaint. M.R. Civ. P. 4(c), (d).

3

4(h). *See Brown v. Thaler*, 2005 ME 75, ¶¶ 4-5, 880 A.2d 1113. No return of service has been filed. Having failed to show proper service that would require Farm Credit or Kenney to answer pursuant to M.R. Civ. P. 12(a), the Bessey parties are not entitled to default or default judgment against Farm Credit or Kenney.

Based on the foregoing, the motion of Joseph Bessey, Valley Acquisitions, Inc., and Rangeley Station, LLC for default and default judgment is DENIED. The Clerk shall note this Order on the docket pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

Date: ___3/20/14___

M. MichaelMurphy
Business and Consumer Court

Entered on the Docket: 3/20/14
Copies sent via Mail___Electronically ✓

4

Farm Credit of Maine, ACA v. Joseph W. Bessey, Rangeley Station, LLC and Valley Acquisitions, Inc.
BCD-CV-13-81

**Farm Credit of Maine, ACA**
　　**Petitioners / Plaintiffs**

　　　　Counsel:　　　　　　Randy Creswell, Esq.
　　　　　　　　　　　　　　Shawn K. Doil, Esq.
　　　　　　　　　　　　　　One Canal Plaza
　　　　　　　　　　　　　　Suite 900
　　　　　　　　　　　　　　P.O. Box 426
　　　　　　　　　　　　　　Portland, ME 04112

**Joseph W. Bessey, Rangeley Station, LLC and Valley Acquisitions, Inc.**
　　**Respondents / Defendants**

　　　　Counsel:　　　　　　Stephean C. Chute, Esq.
　　　　　　　　　　　　　　P.O. Box 707
　　　　　　　　　　　　　　South Casco ME 04077

**Scott G. Kenney**
　　**3rd Party Defendant**

　　　　Counsel:　　　　　　Lauren Weliver, Esq.
　　　　　　　　　　　　　　One Canal Plaza
　　　　　　　　　　　　　　Suite 900
　　　　　　　　　　　　　　P.O. Box 426
　　　　　　　　　　　　　　Portland, ME 04112

STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT ✓
Location: Portland
Docket No.: BCD-CV-13-81,

MMM-CUM-3/20/2014

FARM CREDIT OF MAINE, ACA,

    Plaintiff,

v.

JOSEPH W. BESSEY, RANGELEY
STATION, LLC, and VALLEY
ACQUISITIONS, INC.,

    Defendants

_____

JOSEPH W. BESSEY, VALLEY
ACQUISITIONS INC., and RANGELEY
STATION, LLC,

    Plaintiffs,

v.

FARM CREDIT OF MAINE, ACA and
SCOTT G. KENNEY,

    Defendants

**Order**
(Motion for Valuation and Temporary
Restraining Order)

## BACKGROUND

Before the Court is Defendants' "Verified Motion Valuation for Redemption 14 M.R.S.A. § 9-1623 Temporary Restraining Order Rule 65 M.R.Civ.P", which the Court took under advisement on February 7, 2014, pursuant to the Case Management Conference Order issued that date.[1]

---

[1] Pursuant to the Order on Motion to Consolidate dated February 26, 2014, this case was consolidated with BCD-CV-14-09.

1

The Court interprets the motion to first, request a hearing to establish the value of certain collateral that is listed on page one of the motion; and second, to ask for a restraining order barring "the collection and possession" of the collateral by the Defendants and to "enjoin the sale at auction" until the valuation hearing occurs.

## DISCUSSION

The Court has reviewed the parties' filings and considered their arguments. While the parties address a number of issues in their filings, the Court will address only the issue of collateral estoppel because it is dispositive of both requests.

The dispute between the parties has taken place, and is still ongoing, in several forums. However, the case that is most important for the decision on this motion is Bridgton District Court case *Farm Credit of Maine, ACA v. Bessey*, Docket No. SA-13-183, and the judgment entered on the docket on November 25, 2013, by Judge Peter Goranites. *See* Judgment, *Farm Credit of Maine, ACA v. Bessey*, Docket No. SA-13-183 (Me. Dist. Ct., Bridgton, Nov. 21, 2013).[2] In that case, Farm Credit of Maine, ACA (Farm Credit) brought a Complaint for Forcible Entry and Detainer for Return and Possession of Tangible Personal Property Pursuant to 14 M.R.S. § 7071 (2013). After a hearing which began on August 14, 2013, and completed on November 8, 2013, Judge Goranites determined that Joseph Bessey and Rangeley Station, LLC were in default of their payment and other obligations to Farm Credit under a commercial loan for which Joseph Bessey and Rangeley Station, LLC had pledged certain collateral, which is listed on the second page of Judge Goranites' decision in paragraph 5(a)(i-xi). Judgment, *Farm Credit of Maine, ACA v. Bessey*, No. SA-13-183, at 2. The collateral listed is the same collateral for which Defendants seek valuation. After Farm Credit requested a writ of possession,

---

[2] The judgment is attached as Exhibit A to the Scott Kenney affidavit submitted in support of Farm Credit's motion for attachment against Joseph Bessey.

2

Defendants filed a notice of appeal to the Superior Court and a motion to stay the writ of possession and request for evidentiary hearing to determine the amount of a bond to protect the rights of Farm Credit. In their motion, the Defendants asked the District Court to determine the "net liquidation value" of the "collateral as this Court has found to be subject to the Order of Turnover entered upon the docket on November 25, 2103." (Pls.' Exh. A at 2.) The "Order of Turnover" was the Judgment for Possession issued by Judge Goranites.

The District Court conducted an evidentiary hearing on the Defendants' motion for stay on December 6, 2013. After the contested evidentiary hearing requested by the Defendants, Judge Goranites set the bond in the amount the Court determined to represent the value of the collateral, namely $188,000.[3] (Pls.' Exh. B.) The Court allowed Defendants three days to post cash or commercially reasonable bond, but "[a]bsent posting the cash or bond" the Court denied the motion to stay the writ of possession pending appeal to the Superior Court. (Pls.' Exh. B.) Defendants did not post cash or bond. (Kenney Aff. ¶ 20.) Defendants dismissed the appeal to the Superior Court on February 10, 2014. *Farm Credit of Maine, ACA v. Bessey*, Docket No. CUMBSC-AP-13-75 (Me. Super. Ct., Cumb. Cty., Feb. 10, 2014).

Collateral estoppel prevents relitigation of a factual issue if the "identical issue was determined by a prior final judgment" and the party who is estopped by the doctrine had a "fair opportunity and incentive to litigate the issue in a prior proceeding." *Macomber v. MacQuinn-Tweedie*, 2003 ME 121, ¶ 22, 834 A.2d 131; *accord Gray v. TD Bank, N.A.*, 2012 ME 83, ¶ 10, 45 A.3d 735.

The value of the collateral in question is obviously a factual issue. *Wicks v. Conroy*, 2013 ME 84, ¶ 15, 77 A.3d 479 ("The determination of an asset's value is question of fact . . .").

---

[3] Farm Credit asserts that at the hearing, "Defendants offered evidence that the Collateral was worth approximately $75,000." (Opp'n 5.)

3

At Defendants' request, Judge Goranites decided the value of that collateral at an evidentiary hearing. Defendants do not raise an issue as to whether they had a fair opportunity to litigate this issue of value, and the Court notes that Judge Goranites made this factual determination at the express request of the Defendants. In addition, when Defendants withdrew their appeal of the District Court judgment on February 18, 2014, the stay of the final judgment lifted and now has preclusive effect. *See MacPherson v. Estate of MacPherson*, 2007 ME 52, ¶¶ 5-9, 919 A.2d 1174; *Macomber*, 2003 ME 121, ¶ 22, 834 A.2d 131. The Court concludes that Defendants are barred under the doctrine of collateral estoppel from re-litigating the value of this collateral and therefore denies the motion insofar as it requests this Court make a separate determination.

With respect to the Defendants' request for a temporary restraining order barring collection and possession of the collateral by Plaintiff, and to enjoin its sale, the parties agree that the Defendants must meet *all* four criteria set forth in *Ingraham v. University of Maine at Orono*, 441 A.2d 691, 693 (Me. 1982). Because the Defendants have little chance of prevailing on the merits given the right of redemption provided by the Maine Uniform Commercial Code (UCC), they are not entitled to a temporary restraining order.

The Defendants rely upon *In re Davis*, 14 B.R. 226 (Bankr. D. Me. 1981), for the proposition that they can stop collection and sale of the collateral by paying to the Plaintiffs what they assert is the liquidation value of the property. However, the Court agrees with the Plaintiffs that the right of redemption available to the Defendants under the Uniform Commercial Code (UCC) requires fulfillment of all of their obligations under the contract, which obligations have now been accelerated due to default. *See* 11 M.R.S. § 9-1623(2) (2013) (requiring a debtor to pay "all obligations secured by the collateral" plus reasonable expenses and attorney fees in order to redeem collateral). That amount differs, in this case, enormously from the amount

4

Defendants assert they can pay under their theory of redemption, namely the liquidation value of the collateral. Defendants believe they simply need to pay approximately $75,000 while the Plaintiffs assert that as of January 10, 2014, the amount owed was $1,606,138.15. This amount does include accruing interest and other fees under the contract.

Given the right of redemption available to the Defendants under the UCC, the Court concludes that Defendants have little likelihood of succeeding on the merits, and the Court will therefore deny their request for a temporary restraining order.

Based on the foregoing, Defendants' motion requesting an evidentiary hearing on the value of the collateral, and for a temporary restraining order, is DENIED. The Clerk shall note this Order on the docket pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

Date: ___3/17/14___

_____
M. Michaela Murphy
Business and Consumer Court

Entered on the Docket: _3·17·14_
Copies sent via Mail___Electronically ✓

5

**Farm Credit of Maine, ACA v. Joseph W. Bessey, Rangeley Station, LLC and Valley Acquisitions, Inc.**
**BCD-CV-13-81**


**Farm Credit of Maine, ACA**
    **Petitioners / Plaintiffs**

        Counsel:                Randy Creswell, Esq.
                              Shawn K. Doil, Esq.
                              One Canal Plaza
                              Suite 900
                              P.O. Box 426
                              Portland, ME 04112


**Joseph W. Bessey, Rangeley Station, LLC and Valley Acquisitions, Inc.**
    **Respondents / Defendants**

        Counsel:                Stephean C. Chute, Esq.
                              P.O. Box 707
                              South Casco ME 04077


**Scott G. Kenney**
    **3rd Party Defendant**

        Counsel:                Lauren Weliver, Esq.
                              One Canal Plaza
                              Suite 900
                              P.O. Box 426
                              Portland, ME 04112