MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2021 ME 2
Docket:        Han-20-125
Argued:        December 8, 2020
Decided:       January 12, 2021

Panel:         GORMAN, JABAR, HUMPHREY, and HORTON, JJ., and HJELM, A.R.J.

WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2006-3, ASSET-BACKED CERTIFICATES, SERIES 2006-3

v.

JOHN H. BUMP et al.

JABAR, J.

[¶1]  Wells Fargo Bank[1] appeals from the District Court's (Ellsworth, *Mallonee, J.*) entry of judgment in favor of John H. Bump on Wells Fargo's foreclosure complaint, contending that the court erred by concluding that a 2015 order dismissing without prejudice Wells Fargo's earlier action seeking foreclosure on the same mortgage did not vacate the final judgment in Bump's favor that had been entered in 2013 in that same case.  Wells Fargo also contends it was an abuse of discretion for the court to take judicial notice of the 2013 judgment.  We disagree and affirm the judgment.

---

    [1]  The plaintiff's full name, as stated in its complaint, is Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2006-3, Asset-Backed Certificates, Series 2006-3.

## I.  BACKGROUND

[¶2]  On November 29, 2006, Option One Mortgage Corporation issued a loan to John H. Bump, in exchange for which Bump executed and delivered to Option One a $226,000 promissory note, secured by a mortgage recorded against Bump's property in Lamoine, Maine.  Wells Fargo Bank, N.A., as trustee for Option One, is the owner and current holder of the note and the mortgage. Bump defaulted on his loan by failing to make the payment due on August 1, 2008, and failing to make all payments due after that.

A.     The First Foreclosure Action (2009)

[¶3]   Wells Fargo filed a foreclosure action in the District Court on February 12, 2009.  Wells Fargo demanded the entire amount of the debt, including principal and interest.[2]

[¶4]  The court (*Cuddy, J.*) held a bench trial on September 27, 2013, and on the same day entered judgment on the merits in favor of Bump.  The court found that Wells Fargo's right-to-cure letter did not meet the requirements of 14 M.R.S. § 6111 (2020).  At the trial, Wells Fargo acknowledged that it would be unable to prove its case without evidence that it had properly notified

---

[2]  Thus, it was an action for the accelerated debt.  Acceleration of the loan means the advancing of a loan agreement's maturity date so that the payment of the entire debt is due immediately. *Pushard v. Bank of America, N.A.*, 2017 ME 230, ¶ 24 n.11, 175 A.3d 103.

Bump of his right to cure as required by statute and case law and rested their case. On September 27, 2013, the court entered final judgment for Bump on this complaint due to Wells Fargo's failure of proof. Wells Fargo did not appeal the judgment.

[¶5] Fifteen months later, on December 31, 2014, Wells Fargo, through new counsel, filed a motion to dismiss the 2009 action without prejudice pursuant to M.R. Civ. P. 41.

[¶6] On January 28, 2015, the court (*Mallonee, J.*) granted the motion to dismiss.[3] The next day, Bump filed an objection to the motion to dismiss, arguing that given the resolution of the matter at trial, the court should dismiss the matter with prejudice. In order to afford Bump an opportunity to provide his objections to the motion to dismiss, the court scheduled a hearing for February 27, 2015.

[¶7] On February 24, 2015, Wells Fargo, through another counsel, filed a motion to voluntarily withdraw the motion to dismiss and voluntarily vacate the January 28, 2015, order on the motion to dismiss, on the grounds that the dismissal was unnecessary in view of the 2013 final judgment. On

---

[3] Bump had no notice of Wells Fargo's motion until January 28, 2015, the day the court issued the order on Wells Fargo's motion, because Wells Fargo's counsel had not sent a copy of the motion to Bump.

4

February 25, 2015, Bump filed a notice withdrawing his objection to the dismissal of the case without prejudice.

[¶8]  At the motion hearing[4] Wells Fargo's counsel appeared by phone stating the motion to dismiss filed on December 31, 2014, was a mistake.  The new counsel stated that the prior counsel in December improperly filed the motion and that because the case had proceeded to trial and ended in 2013 when final judgment was entered, there was no reason to file a motion to dismiss.  Wells Fargo asked the court to ignore the improperly filed motion to dismiss and leave the 2013 final judgment that had been entered in favor of Bump in place.  However, Bump's counsel asked that the dismissal without prejudice remain in effect.[5]  The court issued an order stating that due to the withdrawal of Bump's objections, the dismissal without prejudice remained in effect.

B.     The Second Foreclosure Action (2016)

[¶9]  On September 16, 2016, Wells Fargo filed a new action to foreclose on the same mortgage that was the subject of the prior action.  On November 8, 2016, Bump filed an answer and affirmative defenses, which

---

[4] At the hearing the court stated it had "improvidently grant[ed] [the] motion to dismiss without prejudice before [Bump's] counsel had an opportunity to respond to it."

[5]  Bump's stated reasoning for doing this is that "he believed this further assured the finality of the [2013] judgment."

included that (1) "[Wells Fargo] has already litigated this claim and failed to prove it and is barred from litigating the claim by virtue of res judicata"; and (2) "[Wells Fargo] is barred from bringing this action by virtue of M.R. Civ. P. 41, having litigated the claim and lost and having thereafter dismissed the claim."

[¶10] A one-day bench trial was held on October 31, 2019. At the trial, Bump's entire opening statement was dedicated to discussing the prior final judgment and its res judicata effect. Counsel for Wells Fargo was unfamiliar with the prior judgment ("I haven't seen this before") but reviewed it during a recess and acknowledged that the prior judgment would have an effect on Wells Fargo's ability to proceed with its case. The court stated that because the case was three years old, "we're going to do something" today, and suggested that "the most efficient way to proceed, given the unusual way this has developed, would be to make . . . a factual record and then [the court] will certainly provide reasonable . . . deadlines for written arguments, and then we'll go from there."[6]

---

[6] It is apparent from the answer to the complaint, the opening statements and discussions with the court, and closing argument that the issue of res judicata would be addressed though post-trial briefing rather than in court on the day of the trial.

[¶11]  Wells Fargo presented its case, which included one witness. Bump did not call any witnesses or present any evidence in defense.[7] Although the 2013 judgment was discussed and Bump asked the court if he should mark a copy of the judgment as an exhibit, the court stated that there was no need for him to do that because the court had access to the original court file from the 2009 action.

[¶12]  On February 12, 2020, several weeks after the trial was held, the court issued an interim order, notifying the parties that it intended to take judicial notice of the prior 2013 judgment, pursuant to M.R. Evid. 201(c)(1), and offered the parties the opportunity to submit written argument, within fourteen days, on the issue of judicial notice pursuant to M.R. Evid. 201(e). Both parties submitted written argument in response to the court's invitation to be heard on the court's intention to take judicial notice.  Wells Fargo argued that the 2015 dismissal without prejudice vacated the 2013 final judgment and therefore there was no judgment on the merits to which res judicata could attach.

---

[7]  At the close of evidence, the court stated, "There's functionally a motion to dismiss, I think, based on the prior judgment, or there is that issue that is not specifically generated by the testimony and exhibits that were received today.  So I need . . . to know when you want to submit these and what you want to observe for a sequence."  Both parties filed written closing arguments and reply briefs.

[¶13] On March 19, 2020, the court entered judgment in favor of Bump. In a written decision, the court stated that it took judicial notice of the 2013 final judgment and concluded that the 2015 order of dismissal without prejudice did not operate to vacate that judgment. The court then cited to *Pushard v. Bank of America, N.A.*, 2017 ME 230, 175 A.3d 103, to support its determination that Wells Fargo's entire claim was barred by res judicata given the 2013 judgment.[8] Wells Fargo has timely appealed. *See* M.R. App. P. 2B(c)(1).

## II. DISCUSSION

A.    Effect of Rule 41 Dismissal

[¶14] Wells Fargo contends that the court erred when it entered judgment in Bump's favor on the basis of res judicata[9] because seventeen months after final judgment was entered in 2013, the first case was dismissed without prejudice in 2015 pursuant to M.R. Civ. P. 41(a)(2). Wells Fargo argues that the 2013 final judgment was vacated by the 2015 dismissal

---

[8] On this appeal, Wells Fargo does not challenge or raise any issue regarding the court's application of *Pushard*, 2017 ME 230, 175 A.3d 103.

[9] The term "res judicata" encompasses two different legal theories, claim preclusion, or "bar"; and issue preclusion, or "collateral estoppel." *Beegan v. Schmidt*, 451 A.2d 642, 643-644 (Me. 1982). Because Bump's defense depends on the legal effect of the judgment entered against Wells Fargo on its 2009 foreclosure complaint as opposed to particular factual issues litigated in connection with that claim, the question here involves claim preclusion. *See Pushard*, 2017 ME 230, ¶ 19, 175 A.3d 103.

8

without prejudice and therefore there is no judgment on the merits that would trigger a res judicata bar.

[¶15]  The effect of a prior judgment on a present action is a question of law that we review de novo.  *Thibeault v. Brackett*, 2007 ME 154, ¶ 7, 938 A.2d 27.

[¶16]  Wells Fargo does not appeal the propriety of the court's res judicata analysis or argue that, if the 2013 judgment was not vacated, it was inappropriate for it to be applied to the current action. Rather, Wells Fargo argues only that the 2015 voluntary dismissal vacated the 2013 judgment and permitted it to proceed in 2016 with a foreclosure action on the same promissory note and mortgage.

[¶17]  The court's 2013 judgment was a final judgment on the merits in Bump's favor on Wells Fargo's complaint for foreclosure.  *See Estate of Banks v. Banks*, 2009 ME 34, ¶ 9, 968 A.2d 525 ("The court's signature is the defining moment for a judgment's finality, *regardless of the level of agreement between the parties. . . .*" (emphasis added)); *see also* M.R. Civ. P. 58 ("The notation of a judgment in the civil docket in accordance with Rule 79(a) constitutes the entry of judgment . . . [and] is effective and enforceable upon signature by the court. . . ."); *see also Michaud v. Mut. Fire, Marine & Inland Ins. Co.*, 505 A.2d

786, 790 (Me. 1986) ("A judgment becomes final when it completely disposes of an action, leaving no question that requires future action by the court.").

[¶18]  A final judgment can be set aside only in accordance with M.R. Civ. P. 60(b), which provides for relief from final judgment in certain circumstances.[10]  "Rule 60(b) collects in a single rule *all* of the ways to obtain relief from a final judgment."  M.R. Civ. P. 60 Reporter's Notes Dec. 1, 1959 (emphasis added); *see Willette v. Umhoeffer*, 268 A.2d 617, 618 (Me. 1970). We held in *MacPherson v. Estate of MacPherson* that M.R. Civ. P. 41 does not give a party "the right to dismiss an action that [is] no longer pending."  2007 ME 52, ¶ 8, 919 A.2d 1174.  Courts and the public have an interest in "a sound application of res judicata to the end that there be stability in a final judgment rendered on the merits and that repetitive litigation be avoided."  *Beegan v. Schmidt*, 451 A.2d 642, 646 n.6 (Me. 1982) (quotation marks omitted).

[¶19]  Wells Fargo never sought relief from the 2013 judgment pursuant to M.R. Civ. P. 60(b).  While Bump did consent to the 2015 dismissal, it does not change the fact that the dismissal did not have any legal effect

---

[10]  None of the circumstances enumerated in Rule 60(b) are applicable to a later dismissal without prejudice because M.R. Civ. P. 41 is a pre-judgment procedure, available before the matter has proceeded to a final judgment, not a post-judgment remedy.

equivalent to a ruling on a properly filed M.R. Civ. P. 60(b) motion—the only vehicle that allows a party to obtain relief from final judgment.

[¶20] The 2015 dismissal without prejudice was a legal nullity that did not alter the preclusive effect of the 2013 final judgment. The court did not err in concluding that the 2015 dismissal without prejudice did not affect the 2013 final judgment, and the court properly concluded that the preclusive effect of the 2013 judgment bars the present action.

B.    Judicial Notice

[¶21] Wells Fargo also contends that it was an abuse of discretion for the trial court to take judicial notice of the 2013 judgment. Here, we review the decision by the trial court to take judicial notice under M.R. Evid. 201 for abuse of discretion.[11] *See In re Jonas*, 2017 ME 115, ¶ 37, 164 A.3d 120. "A court has the discretion to judicially notice a fact that is not subject to reasonable dispute when it is either generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Finn v. Lipman*, 526 A.2d 1380, 1381 (Me. 1987) (quotation marks omitted); *see*

---

[11] Here, we apply the abuse of discretion standard, not the clear error standard, because the judicially noticed fact—a judgment issued by the same trial court that took judicial notice of the judgment—is not subject to reasonable dispute. Indeed, Wells Fargo does not contest the accuracy of the 2013 judgment.

*also In re Children of Anthony L.*, 2019 ME 62, ¶ 9 n.4, 207 A.3d 624 ("A judge may take judicial notice of any matter of record when that matter is relevant to the proceedings at hand." (quotation marks omitted)).  M.R. Evid. 201(c)(1) provides that the court "[m]ay take judicial notice on its own."  As we have stated in particular, "[c]ourts may take judicial notice of pleadings, dockets, and other court records where the existence or content of such records is germane to an issue in the same or separate proceedings."  *Cabral v. L'Heureux*, 2017 ME 50, ¶ 10, 157 A.3d 795.

[¶22]  Here, the court and Bump, at Wells Fargo's request, agreed to address in post-trial memoranda the issue of res judicata and the effect of the 2013 judgment.  Although during the hearing Bump offered the court a copy of the 2013 judgment, it never became part of the record and Bump never requested that the court take judicial notice of the judgment.[12]  The court concluded that because Bump had not explicitly requested that the court take

---

[12]  As counsel for Bump attempted to label the prior judgment and enter it into evidence as an exhibit, the court stated "I don't think it's necessary since it's a . . . decision, particularly of this [] venue.  I could go in the other room and find it.  So that will be fine."  Later, counsel for Bump again mentioned entering the prior judgment into evidence as an exhibit and stated, "[D]o I need to . . . I mean I think I can ask the court to take judicial notice of the underlying pleadings in the 2009 action, but I'm not even sure whether that 2009 file is in storage or not."  The court stated that it had the judgment, and counsel for Wells Fargo confirmed that he had retrieved it from the clerk's office that morning as well.

judicial notice, the court would be doing so on its own because "the earlier judgment was referred to and in fact read aloud at trial."

[¶23] It was proper for the court to take judicial notice on its own pursuant to M.R. Evid. 201(c)(1). The court fully complied with M.R. Evid. 201(e) by notifying the parties that it intended to take judicial notice of the entire 2009 foreclosure action, including the original complaint for the acceleration of all of the mortgage debt, which was adjudicated in the 2013 final judgment, and by giving the parties an opportunity to be heard on whether judicial notice of the judgment was proper. Because a court's judgment is a proper subject of judicial notice and the court satisfied the procedural requirements created in Rule 201, the court did not abuse its discretion in taking judicial notice of the prior judgment.

The entry is:

Judgment affirmed.

---

Brett L. Messinger, Esq. (orally), and Elizabeth M. Lacombe, Esq., Duane Morris LLP, Portland, for appellant Wells Fargo Bank NA

Arthur J. Greif, Esq. (orally), Gilbert & Greif, P.A., Bangor, for appellee John H. Bump