MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2026 ME 34
Docket:      Cum-25-357
Argued:      March 4, 2026
Decided:     April 16, 2026

Panel:       STANFILL, C.J., and MEAD, CONNORS, LAWRENCE, DOUGLAS, and LIPEZ, JJ.

ESTATE OF JOHN M. CARTER

v.

ANN C. MARTIN

MEAD, J.

[¶1] Ann C. Martin appeals from a divorce judgment entered in the District Court (Portland, *Nofsinger, J.*) on John M. Carter's complaint for divorce. *See* 19-A M.R.S. § 902(1)(H) (2025). Martin asserts that because Carter died before the court signed the final judgment of divorce, the court lacked subject matter jurisdiction over the case. We agree that, at the time the final judgment was signed, the court no longer had subject matter jurisdiction over the proceeding because of Carter's death, and we therefore vacate the judgment and remand the case to be dismissed.

## I. BACKGROUND

[¶2]   "The following facts, which are supported by the evidence, are drawn from the procedural record and the court's findings of fact in the divorce judgment."  *McCarthy v. Guber*, 2023 ME 53, ¶ 2, 300 A.3d 804.

[¶3]   Carter and Martin were lawfully married on July 4, 2015.   On March 31, 2023, Carter filed for divorce.  The court held a hearing regarding the uncontested divorce on June 6, 2025, at which both parties testified remotely.  A proposed judgment was prepared to be presented to the court that day.  The court orally announced on the record that if there were waivers of appeal from both parties in the file, the divorce would be final as of that day.  As the hearing proceeded, however, it became clear that additional real estate orders needed to be prepared.  That same day, Carter filed a waiver of appeal, but Martin did not.

[¶4] On July 3, 2025, the court signed a final judgment and two real estate orders conveying property, with a hand-written notation indicating "nunc pro tunc to 6/6/25, when judgment was placed on the record."  On July 16, 2025, Martin filed a post-judgment motion for relief from or to alter the judgment, alleging that the court lacked jurisdiction to enter the final judgment because Carter had passed away between the date of the hearing (June 6) and the date

the court signed the final judgment (July 3).[1]  The court denied the motion on July 17, 2025, stating that our decision in *Boland v. Belair* controls.  2025 ME 31, ¶11, 334 A.3d 682.  Martin timely appealed.[2]  S*ee* M.R. Civ. P.2B(c)(2)(D).

## II.  DISCUSSION

[¶5]  We review the jurisdiction of a court de novo.  *Howard v. Howard,* 2010 ME 83, ¶ 10, 2 A.3d 318.  We begin our analysis with the well-established principle that a marriage automatically terminates at the death of one of the spouses.  *See Bright v. Chapman*, 105 Me. 62, 72 A. 750, 752 (1908) (acknowledging that a marriage is "dissol[ved] by death").  It necessarily follows that if a marriage has already terminated, a court does not have subject matter jurisdiction to proceed to a final divorce judgment because there is no longer a marriage.  *See McIntire v. McIntire,* 130 Me. 326, 155 A. 731, 736 (1931) (explaining that a court has no jurisdiction to decree a divorce where the marital relationship no longer exists).  If there is a final judgment granting the divorce prior to the death of a party in the proceeding, however, the divorce is final.  *See MacPherson v. Est. of MacPherson*, 2007 ME 52, ¶¶ 4-5, 919 A.2d 1174;

---

[1]  The parties stipulated at oral argument that Carter died on June 27, 2025.

[2]  On December 22, 2025, counsel for Carter filed a suggestion of the death of Carter and a motion to substitute the Estate of Carter for Carter in this appeal.  The motion was accompanied by Carter's certificate of death.  We granted the motion on December 29, 2025.

4

*cf. Weinle v. Est. of Tower*, 2025 ME 62, ¶ 28, 340 A.3d 66 (holding that "the death of a party during the pendency of an appeal from a divorce judgment does not moot the appeal as to the parties' property rights").

[¶6]  "A final judgment is a decision that fully decides and disposes of the entire matter pending before the court leaving no questions for the future consideration and judgment of the court." *Est. of Banks v. Banks*, 2009 ME 34, ¶ 6, 968 A.2d 525 (alterations and quotation marks omitted).  "The court's signature is the defining moment for a judgment's finality, regardless of the level of agreement between parties leading up to the judgment." *Id.* ¶ 9; *see* M.R. Civ. P. 115(b) ("[A]ny order granting a divorce, . . . disposition of property, or other disposition, award, or division of property incident to a divorce . . . shall be a final judgment, notwithstanding the pendency of any other claim or counterclaim in the action.")

[¶7]  Rule 58 of the Maine Rules of Civil Procedure provides, "Any judgment or other order of the court is effective and enforceable upon signature by the court, or if not signed by the court, then upon entry of the judgment in the civil docket." *See Banks*, 2009 ME 34, ¶ 9, 968 A.2d 525 ("Because Rule 58 states that a judgment is enforceable and effective upon signature, we conclude that that is when a judgment becomes final.").

[¶8]  Here, despite the trial court's oral announcement that the divorce judgment was final as of the hearing date upon the filing by both parties of waivers of appeal, that announcement did not constitute a final judgment because it was not accompanied by a judge's signature or entered upon the civil docket by the time Carter passed away.[3]

[¶9]  Given that there was no final judgment at the time of Carter's death, the marriage between Carter and Martin terminated upon Carter's death on June 27, 2025.  As such, by the time the court signed the divorce judgment, the court's jurisdiction over the proceeding had already ended and the judgment is void as a matter of law.  *See Hawley v. Murphy*, 1999 ME 127, ¶ 8, 736 A.2d 268 ("A judgment that is issued by a court that does not have subject matter jurisdiction to issue it is void.").

[¶10]  In its order denying Martin's motion for relief from judgment and, alternatively, to alter judgment, the court cited our decision in *Boland*, 2025 ME 31, ¶ 11, 334 A.3d 682.  In *Boland*, we reiterated that "[w]hen parties report to the court that they have reached a settlement, read the terms of the agreement

---

[3]  Moreover, the court placed a specific condition to be satisfied before the divorce could be deemed final—that waivers of appeal be filed by each party—and that condition was not satisfied. The failure to satisfy that condition constitutes an additional bar to immediate finality. *See e.g., Hilltop Cmty. Sports Ctr., Inc. v. Hoffman,* 2000 ME 130, ¶ 22 n.3, 755 A.2d 1058 ("Because the agreement called for the sale to be completed only after certain conditions were met, the sale was not finalized until those conditions were met . . . ." ).  Our decision, however, does not turn upon that narrow circumstance.

6

into the record with the assistance of counsel, and then express clear consent to those terms as recited, that settlement becomes an enforceable agreement and, upon acceptance by the court, is incorporated as a judgment of the court." *Id.* ¶ 9 (quoting *Keep v. Indorf*, 2024 ME 14, ¶ 20, 314 A.3d 141).

[¶11]   Our decision in *Boland* cannot be construed as independently vesting a court with jurisdiction to act when a court, as here, has no authority to act.  Rather, *Boland* addressed whether a settlement agreement is binding and enforceable by one party against the other.  *Id.* ¶ 14; *see also Keep,* 2024 ME 14, ¶¶ 1, 19-27, 314 A.3d 14 (addressing whether the trial court abused its discretion by setting aside a partial settlement agreement "placed on the record in an earlier judicial settlement conference").  Here, the court lost jurisdiction over the pending, but not yet final, divorce action on June 27 when Carter died.  The divorce judgment entered on July 3 without jurisdiction is rendered a nullity.[4]

---

[4]  As noted above, the court wrote "nunc pro tunc to 6/6/25" on the July 3 divorce judgment.  Nunc pro tunc means "now for then," and generally refers to an action taken by a court that applies retroactively.  *See Nunc Pro Tunc*, Black's Law Dictionary (12th ed. 2024).

Here, the use of nunc pro tunc language was seemingly an effort to retroactively apply the divorce judgment to the date of hearing, which was prior to Carter's death.  The use of nunc pro tunc as a qualifier was not valid in this situation, however, because by July 3, the court no longer had subject matter jurisdiction over the case because the marriage had already been terminated due to Carter's death.

[¶12]   As such, we vacate the judgment and remand for an order dismissing the divorce action.[5]

The entry is:

> Judgment vacated.  Remanded to the District Court with instructions to dismiss the divorce action.

---

Carl E. Woock, Esq. (orally), Steve Smith Trial Lawyers, Augusta, for appellant Ann C. Martin

Cody B. Mason, Esq. (orally), Ranger Copeland French, PA, Brunswick, for appellee Estate of John M. Carter

Portland District Court docket number FM-2023-425
For Clerk Reference Only

---

[5] The contention that Martin did not suffer any prejudice or inequity caused by the court's acceptance of the parties' settlement agreements is unavailing. When determining an issue regarding subject matter jurisdiction, a prejudice analysis is irrelevant because "[a] judgment is void and must be vacated if the court issuing the judgment lacks subject matter jurisdiction." *Boyer v. Boyer*, 1999 ME 128, ¶ 6, 736 A.2d 273.